**UNITED STATES of America, Appellee,**

v.

**Louis Kenneth RISKEN, Appellant.**

**No. 88–1703.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1988.

Decided March 13, 1989.

Barry M. Fallick, New York City, for appellant.

Robert C. Dopf, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before McMILLIAN and BEAM, Circuit Judges, and WHIPPLE,* District Judge.

PER CURIAM.

Louis Kenneth Risken appeals from an order of the United States District Court[1] for the Southern District of Iowa denying his petition for a writ of habeas corpus, 28 U.S.C. § 2255. For reversal Risken argues he was denied effective assistance of counsel when his counsel failed to furnish him with a copy of a written plea offer. For the reasons discussed below, we affirm the denial of habeas corpus relief.

On October 5, 1984, the district court sentenced Risken to a total of twenty years imprisonment upon a jury verdict finding him guilty of two counts of obstruction of justice in violation of 18 U.S.C. § 1503, and two counts of witness tampering in viola-

tion of 18 U.S.C. § 1512(a)(1), (2)(A). On appeal, the judgment of conviction was affirmed. *United States v. Risken*, 788 F.2d 1361 (8th Cir.), *cert. denied*, 479 U.S. 923, 107 S.Ct. 329, 93 L.Ed.2d 302 (1986).

Risken filed a motion under 28 U.S.C. § 2255 to vacate and set aside his convictions. An evidentiary hearing was held on the motion; written briefs were filed. Risken argues that his sixth amendment right to effective assistance of counsel was violated because his trial counsel failed to communicate a plea offer to him. *See Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) (Counsel had an obligation "to consult with [Risken] on important decisions and to keep [Risken] informed of important developments in the course of the prosecution").

On March 4, 1987, in response to Risken's request for records made pursuant to the Freedom of Information Act/Privacy Act (FOIA), 5 U.S.C. § 552, the government provided him with a copy of a proposed plea agreement dated September 12, 1984. Risken claims that he first learned of the existence of the proposed offer when he received the records pursuant to his FOIA request. Risken contends that had he been advised of the proposal, he would have accepted it. The proposal called for Risken's plea of guilty to Count I of the indictment with a maximum possible sentence of five years imprisonment and dismissal of the remaining counts. The proposed plea agreement also provided that Risken would testify truthfully in any subsequent trial or grand jury proceedings should he be called as a witness.

The government argues that Risken has failed to establish an ineffective assistance of counsel claim because he had been informed of the government's plea offer. Risken's counsel testified that he orally discussed the offer with Risken, but the proposal was not accepted because it required Risken to testify in any subsequent

---

* The Honorable Dean Whipple, United States District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.

court proceedings. The district court found that Risken's trial counsel had discussed the proposed plea agreement with him.

The district court properly resolved the conflicting testimony and found the testimony of the government's witnesses to be credible. *See In re Bush*, 696 F.2d 640, 643 (8th Cir.1983). The district court is in the best position to observe the demeanor of the witnesses and to assess credibility, and such factual findings shall not be set aside unless clearly erroneous. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985); Fed.R.Civ.P. 52(a).

We have carefully reviewed the entire record and are satisfied that the district court was correct in its analysis.

Accordingly, the judgment of the district court is affirmed. *See* 8th Cir.R. 14.