**Kevin Ray LAIRD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 92–1552.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1992.

Decided March 3, 1993.

Alfredo Parrish, Des Moines, IA, argued, for appellant.

Gary L. Hayward, Asst. U.S. Atty., Des Moines, IA, for appellee.

Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

MAGILL, Circuit Judge.

Kevin Ray Laird appeals from the district court's[1] denial of a motion under 28 U.S.C. § 2255 to vacate and set aside his conviction. Laird argues he was denied effective assistance of trial counsel. We affirm.

The facts leading up to Laird's conviction of five criminal charges relating to distribution of cocaine, methamphetamine, and marijuana and of using a firearm during a drug trafficking crime can be found in *United States v. Laird*, 948 F.2d 444 (8th Cir.1991). Laird retained different counsel after the trial and filed a motion for a new trial on the basis of newly discovered evidence. After an evidentiary hearing, the district court denied the motion. On appeal, this court affirmed the denial of Laird's motion for a new trial on the ground that trial counsel's alleged ineffectiveness was not newly discovered evidence warranting a new trial. *Id.* at 446.

Laird then filed a motion under 28 U.S.C. § 2255 to vacate and set aside his conviction, claiming that he was denied his constitutional right to effective assistance of counsel. The district court found Laird had not been denied effective assistance of counsel and denied Laird's motion. Laird appeals, arguing his trial counsel was ineffective because he (1) did not conduct sufficient pretrial investigation; (2) was ineffective in counseling Laird concerning a plea bargain; (3) was afraid of representing defendants in drug cases; (4) unduly relied on a thirteen-year-old student during jury selection; (5) performed ineffectively at trial; (6) failed to make a motion for a new trial; and (7) failed to go with Laird to a posttrial debriefing.

To prevail on his ineffective assistance of counsel claim, Laird must show: (1) trial counsel did not exercise the skills and diligence a reasonably competent attorney would exhibit under similar circumstances; and (2) a reasonable probability exists that, but for trial counsel's unprofessional errors, the outcome of the proceedings would differ. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

We review the district court's findings of fact and the credibility determinations regarding the testimony in the evidentiary hearing held on the motion for a new trial under a clearly erroneous standard. *United States v. Risken*, 869 F.2d 1098, 1100 (8th Cir.1989). We note the district court found trial counsel's testimony credible, and found Laird's testimony not credible when it conflicted with trial counsel's testimony. We have reviewed the record and have found no clear error concerning the trial court's credibility determination. We review de novo the trial court's determination that Laird's trial counsel was not ineffective. *See Holloway v. United States*, 960 F.2d 1348, 1351 (8th Cir.1992).

Laird contends trial counsel did not adequately conduct pretrial investigation because counsel did not attempt to contact witnesses who could have provided a defense against the charges. However, we note Laird specifically instructed trial counsel not to contact his family, and the only witness identified in the record is his sister. The district court found that Laird did not give counsel the names of any other witnesses. This finding is not clearly erroneous. Additionally, Laird does not allege, and the record does not demonstrate, that trial counsel was unaware of the facts in the case. Laird claims the police reports given to counsel contained incriminating statements Laird had made. However, trial counsel denies knowledge of any such statements, and Laird has offered no proof of these statements. Laird has failed to establish that trial counsel's pretrial investigation was deficient.

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

**530**

Laird contends counsel's preparation for trial was insufficient, which affected his performance. He also claims counsel's performance at trial was ineffective because he failed to object to tapes and transcripts submitted into evidence, he failed to object when a gun was passed to the jury, and he did not present a defense after the government rested. Laird, however, has failed to demonstrate counsel's performance at trial was in any way lacking because of insufficient preparation. He also has failed to establish a valid objection existed to passing the gun to the jury, and has not shown the tapes and transcripts were misleading in any way. Finally, he cannot articulate a viable defense which counsel could have presented after the government rested.

Next, Laird argues trial counsel never informed Laird of the advantages of accepting a plea bargain and did not provide him with adequate time to make a knowing and intelligent decision. Trial counsel, however, testified in the evidentiary hearing that he advised Laird of the mandatory consecutive sentence to which Laird would be subject on the gun charge if he chose not to accept the plea bargain and was convicted. Counsel testified as to the amount of time he gave Laird to decide whether or not to accept the plea bargain, and the district court found this was an adequate amount of time. This finding is not clearly erroneous. Trial counsel effectively counseled Laird regarding the plea agreement.

Laird also contends that trial counsel's performance was ineffective because he was afraid of representing defendants in drug cases. Counsel did express reasonable caution about dealing with matters involving drug trafficking. He also, however, denied any reluctance to handle the case because the offense involved drugs. Laird has not demonstrated counsel acted improperly at any time, nor has he shown any prejudice from counsel's reasonable caution.

Laird argues trial counsel relied on a thirteen-year-old student during jury selection. It may be unusual to allow a student to sit at counsel's table during jury selection. However, Laird has failed to establish that trial counsel's performance was deficient as a result and we note the student was at the table for clerical purposes. The trial court found that counsel exercised his independent professional judgment at all times in selecting the jury, and this finding was not clearly erroneous.

Laird next argues counsel failed to make a motion for a new trial after Laird requested he make one. Laird cites to cases concerning defendants' rights to request an appeal to support this claim. We note, however, that these cases are inapposite. A motion for a new trial is part of the trial phase, and the rights attaching to appeals do not attach to this motion. Laird has failed to demonstrate a viable ground upon which a motion for a new trial could be granted. Counsel was not ineffective when he refused this request. *See Polk County v. Dodson,* 454 U.S. 312, 323, 102 S.Ct. 445, 452, 70 L.Ed.2d 509 (1981) ("It is the obligation of any lawyer ... not to clog the courts with frivolous motions or appeals.").

Finally, Laird claims counsel was ineffective when he failed to attend a posttrial debriefing with Laird. We first note Laird has cited no authority, and we know of none, to establish that the right to counsel attaches to a posttrial debriefing. He argues the right attaches because it is a "critical stage" of the trial. However, Laird had already been convicted, and the debriefing was not part of Laird's sentencing hearing. The purpose of the debriefing was to obtain information from Laird, and the focus of the proceeding had nothing to do with Laird's conviction or sentencing. We decline to extend the right to counsel to a posttrial debriefing. Laird argues that counsel's failure to attend jeopardized his chance for a reduction of his sentence for substantial assistance. However, Laird has not provided evidence that counsel's failure to attend affected Laird's chances

for a substantial assistance reduction.[2]

In conclusion, we find trial counsel's performance was not ineffective, and Laird was not denied his right to a fair trial. Additionally, we find no basis in the record to demonstrate that the result of the trial and sentence would be different if counsel had performed in the manner Laird claims he should have. We affirm the judgment of the district court.

**2.** The government noted at oral argument, and Laird admitted, that Laird's sentence has now been reduced for substantial assistance by ap-

proximately one-third on both the gun and the drug charges.