**John HUDSON, Appellant,**

v.

**Tony GAMMON, Appellee.**

No. 94–2828.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1995.

Decided Jan. 30, 1995.

Jane C. Hogan, St. Louis, MO, argued, for appellant.

Michael J. Spillane, Asst. Atty. Gen., Jefferson City, MO, argued, for appellee.

Before LOKEN, Circuit Judge, GODBOLD,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

■ Missouri inmate John Hudson appeals the district court's denial of his 28 U.S.C. § 2254 petition. We reverse and remand.

* The HONORABLE JOHN C. GODBOLD, Senior United States Circuit Judge for the 11th Circuit, sitting by designation.

Following a jury trial, Hudson was convicted of four counts of first degree robbery. He filed this pro se habeas petition alleging various constitutional violations, including the denial of effective assistance of counsel and the denial of an impartial jury. After reviewing transcripts of the state court proceedings in which these issues were raised and without conducting an evidentiary hearing, the magistrate judge recommended denying relief. The district court overruled Hudson's objections, noting its belief that they were not specific enough to invoke de novo review, and denied the petition pursuant to the magistrate judge's recommendation. We do not reach the merits of the district court's decision because we believe there was procedural error.

A district court must make a de novo determination of those portions of a magistrate's report and recommendation to which objections are made. *See* 28 U.S.C. § 636(b)(1). Here, the district court relied on the exception recognized in some circuits that de novo review is not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir.1994) (citations omitted). Although "[t]here is language in an Eighth Circuit case which indicates this Circuit's approval of such an exception ... [t]he Eighth Circuit has ... repeatedly emphasized the necessity of de novo review, and thus retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Id.* (citations omitted).

Liberally construed, Hudson's pro se objections sufficiently directed the district court to the alleged errors. He attempted to bring his specific objections to the court's attention by reciting the portions of the report and recommendation to which he objected and setting forth, with supporting transcript citations, what he believed to be the correct facts or rulings. While "not as ideally precise as a pleading from a trained lawyer, [Hudson's] objections were certainly definite enough to require de novo review." *Id.*

 The failure to perform de novo review when required is reversible error. *See id.* The State argues, however, that a remand for that purpose would be useless. It reasons that Hudson's claims required no independent fact finding as the district court was required to defer to the findings made in the state court proceedings on these issues. Although accorded deference, state court factual findings are subject to review by habeas courts to determine if they are "fairly supported by the record." 28 U.S.C. § 2254(d)(8). A remand is thus required to allow the district court to make a de novo assessment, independent of the magistrate judge's conclusions, of whether these findings were so supported.

Accordingly, we reverse the judgment and remand this case so the district court may conduct the required de novo review.