70 F.3d 1271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John E. BRITT, Plaintiff-Appellant,
v.
Jerry SMITH, Pat Brown, Sheriff Joseph Wilson, Genesee
County, and Genesee County Sheriff's Department,
Defendants-Appellees.
 No. 94-2010.
 United States Court of Appeals, Sixth Circuit.
 Nov. 28, 1995.
 
 Before: KRUPANSKY, BATCHELDER, and MOORE, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 John Britt appeals the district court's summary judgment in favor of defendants in this action under 42 U.S.C. Sec. 1983. Britt failed, however, to object to the magistrate judge's report and recommendation, upon which the district court's judgment was based. We therefore affirm.
 
 
 2
 * Britt originally filed his Sec. 1983 civil rights action against defendants in Michigan state court, alleging that he was physically assaulted and denied appropriate medical treatment while incarcerated at Genesee County Jail. After the trial court entered a summary disposition against him, Britt appealed to the Michigan Court of Appeals.
 
 
 3
 While the state appeal was pending, Britt filed an identical action in the United States District Court for the Eastern District of Michigan. Although he had been represented by counsel in the state court proceedings, Britt's federal action was submitted pro se. Defendants Joseph Wilson, Genesee County, and Genesee County Sheriff's Department moved for summary judgment, arguing that there was no genuine issue of material fact, and the magistrate judge recommended granting the motion after Britt failed to reply. In addition, the magistrate judge recommended dismissing the action as to the remaining defendants, Jerry Smith and Pat Brown, because they had not been served with process. Britt was given 10 days to object to the magistrate's report and recommendation. He requested an extension of time to file objections, and the request was granted, giving him an additional two months from the original deadline. No objection to the magistrate's report was ever filed, however. (Meanwhile, the Michigan Court of Appeals had ruled upon the state trial court's summary disposition against Britt, affirming it in all respects.) The district judge adopted the magistrate judge's report and recommendation in full and dismissed the case.
 
 II
 
 4
 The law in this Circuit is clear that a failure to object to a magistrate judge's report and recommendation waives the right to review the district judge's acceptance of that recommendation in the court of appeals. United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981); 28 U.S.C. Sec. 636(b)(1). In Britt's case, the magistrate judge's report stated explicitly that a failure to object would result in a waiver of the right to appeal, and Britt was served with a copy of the report. Therefore, Britt is in no position to assert that he did not know he could object, and he cannot argue that he was unaware of the consequences of not objecting.
 
 
 5
 Britt's pro se status does not excuse him from application of the Walters rule. It is true that a number of courts have formulated special exceptions for pro se litigants to alleviate some of the severity of the rule eliminating all appellate review. For example, some circuits have held that the rule will not apply unless a pro se plaintiff is explicitly warned of the consequences of failing to object. See, e.g., Hardiman v. Reynolds, 971 F.2d 500, 505 (10th Cir.1992); Frank v. Johnson, 968 F.2d 298, 299 (2d Cir.1992). Others have noted that a pro se litigant's objections to the magistrate's report will be construed liberally. See Hudson v. Gammon, 46 F.3d 785, 786 (8th Cir.1995); McKeever v. Block, 932 F.2d 795, 799 (9th Cir.1991). This Circuit, too, has stated that a pro se plaintiff's objections, filed two days after the 10-day deadline, will not constitute a waiver of the right to appeal if the district court accepts the tardy objections. Patterson v. Mintzes, 717 F.2d 284, 286 (6th Cir.1983). Despite such exceptions for pro se parties, it is evident from each of these decisions that the general waiver rule is still applicable. Since none of the aforementioned exceptions is helpful to Britt, he may not now challenge the magistrate judge's findings in this court.
 
 
 6
 As a final matter, we note that the Walters rule is "not jurisdictional[,] and a failure to comply may be excused in the interest of justice." Kelly v. Withrow, 25 F.3d 363, 366 (6th Cir.1994). Equity, however, is not on Britt's side: he was given extra time to object but did not do so; he did not respond to the summary judgment motion which was the basis for the magistrate's report; he had already litigated (and appealed) the entire case in state court; he was represented by counsel in state court; he brought this action in federal court four years after the statute of limitations had expired; and he failed to present, in both state and federal trial courts, any affirmative evidence in furtherance of his claim, other than the bare allegations contained in the complaints themselves.
 
 
 7
 Accordingly, we find that Britt has waived his right of appellate review and AFFIRM the district court's judgment.