# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1334

_____

Reginald R. Early,                                                 *

                    Appellant,             *

           v.                                  *

John Lowe, Assistant Warden, East   *
Arkansas Regional Unit, Arkansas   *
Department of Correction (originally) *
sued as J.E. Lowe); Stan Davenport, *
Sgt., East Arkansas Regional Unit,  *
Arkansas Department of Correction   *   Appeal from the United States
(originally sued as Mr. Davenport);  *   District Court for the
Stevie Valentine, Sgt., East        *   Eastern District of Arkansas.
Arkansas Regional Unit, Arkansas   *
Department of Correction (originally  *
sued as Mr. Valentine); Maurice    *       [UNPUBLISHED]
Williams, Captain, East Arkansas   *
Regional Unit, Arkansas Department  *
of Correction (originally sued as    *
Mr. Williams); Jonathan Warner, Sgt., *
East Arkansas Regional Unit,      *
Arkansas Department of Correction   *
(originally sued as J.D. Warner);    *
Donaldson, Mr., Sgt., East Arkansas  *
Regional Unit, Arkansas Department  *
of Correction; Scott McCall, CO-1,  *
East Arkansas Regional Unit, Arkansas *
Department of Correction (originally  *
sued as Mr. McCall); Ricky Thorne,  *
Sgt., East Arkansas Regional Unit,  *

Arkansas Department of Correction     *
(originally sued as Sgt. Thorne);     *
Vergerl, Mr., Sgt., East Arkansas     *
Regional Unit, Arkansas Department     *
of Correction; Brady Jefferson, CO-1,     *
East Arkansas Regional Unit, Arkansas     *
Department of Correction (originally     *
sued as Mr. Jefferson); Marvin Evans,     *
Warden, East Arkansas Regional Unit,     *
Arkansas Department of Correction     *
(originally sued as M. Evans); G. David     *
Guntharp, Deputy Director, Arkansas     *
Department of Correction (originally     *
sued as G. David Gunthrop),     *
    *
        Appellees.     *

_____

Submitted:  October 6, 2000
Filed:   October 17, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
     Judges.

_____

PER CURIAM.

Reginald R. Early, an Arkansas inmate, appeals the District Court's dismissal of his 42 U.S.C. § 1983 action following an evidentiary hearing. Early filed a pro se complaint claiming that several defendants, all Arkansas Department of Correction employees, used excessive force in removing him from his cell. We remand to the District Court for the reasons discussed below.

During the evidentiary hearing, Early testified that when correctional officers arrived to move him from his cell to isolation, he told them he was not going. One officer entered Early's cell wearing riot gear and after Early refused to submit to handcuffing, the officer deployed two stinger grenades that sprayed rubber pellets. Thirty minutes later, this officer stood in the doorway of Early's cell, and twice discharged a riot gun[1] at Early. Four officers then entered Early's cell, wrestled him to the floor, and placed him in handcuffs and leg irons. Although Early was not saying anything or resisting, the officers dragged him into the hall, then carried him to another location. The handcuffs and leg irons were too tight and caused injuries to Early.

Following Early's testimony, the State and the magistrate judge discussed a videotape of the incident, which the State had provided prior to the hearing. During discovery, Early had requested a copy of the videotape, but the State had asserted that it was unavailable because it had been recorded over.

The magistrate judge filed a detailed report indicating that he had viewed the videotape after the hearing and had admitted it as an exhibit. Among other things, the report stated that the tape showed that canned tear gas was "forced" into Early's cell several times with absolutely no effect on his demeanor or physical condition. The magistrate judge recommended dismissing Early's action, concluding that (1) the force used on Early was to achieve the legitimate purpose of transferring him from one cell to another and quelling a disturbance; (2) the need for the force applied was in proportion to the force necessary to end the disturbance; and (3) the defendants did not act maliciously and sadistically for the very purpose of causing Early harm. Early timely objected to this report, denying that the admitted videotape was of the incident involving him (as no chemical agent was used on him), and challenging the magistrate judge's findings as they related to the tape. He argued that the force applied was not

---

[1]According to Early, this gun discharges a four-and-one-half-inch piece of rubber.

-3-

in proportion to the force necessary to end a disturbance because there was no disturbance. The District Court adopted the magistrate judge's report, stating that it had carefully reviewed the "Findings and Recommendations, and the timely objections received thereto," and dismissed Early's complaint. Early v .Lowe, No. H-C-99-40 (E.D. Ark. Nov. 18, 1999).

Under 28 U.S.C. § 636(b)(1) (1994), a district court must make a de novo determination of those portions of a magistrate judge's report and recommendation "to which objection is made." See Hudson v. Gammon, 46 F.3d 785, 786 (8th Cir. 1995) (holding that liberally construed, a pro se prisoner's objections were sufficiently specific to require de novo review where he recited portions of report, and set forth what he believed to be correct facts or holdings). Although we may presume de novo review was conducted when the record is silent on the matter, the presumption is inappropriate if there is affirmative evidence showing that de novo review was not performed. See Jones v. Pillow, 47 F.3d 251, 252-53 (8th Cir. 1995). The record before us does not indicate that the District Court viewed the videotape upon which the magistrate judge relied, and there is no indication the tape was available to the Court. Further, the District Court stated only that it had considered the report and Early's objections, and did not mention listening to an audiotape of the hearing. In these circumstances, the presumption has been negated. Thus, we will not address the merits of the case at this time. See Hudson, 46 F.3d at 786. See also Nabors v. United States, 929 F.2d 354, 355 (8th Cir. 1990) (per curiam).

We reverse the judgment and remand the case so that the District Court may conduct the required de novo review.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.