# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3642

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Felipe Lothridge, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 13, 2003

Filed: April 4, 2003

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and RILEY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Felipe Lothridge was convicted of possession with intent to distribute cocaine base. See 21 U.S.C. § 841(a)(1) (2000). On appeal, he raises three issues, urging that the District Court erred when it denied his motion to suppress, when it admitted evidence of his prior bad acts, and when it admitted the drugs into evidence despite Lothridge's proffered evidence of tampering. We have no occasion to reach the merits of Lothridge's claims because the District Court erred when it failed to conduct a de novo review of the magistrate judge's proposed findings regarding Lothridge's motion to suppress, insofar as Lothridge objected to those findings. Accordingly, we remand the matter to the District Court for the required de novo review.

Under 28 U.S.C. § 636(b)(1) (2000), district courts may designate magistrate judges to conduct, *inter alia*, evidentiary hearings on suppression motions and to submit to a district judge proposed findings of fact and recommendations for the disposition of the matter. Section 636(b)(1) also requires that when a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.; see also Fed. R. Civ. P. 72(b). We have repeatedly observed that failure to engage in the required de novo review is reversible error. See, e.g., Hudson v. Gammon, 46 F.3d 785, 786 (8th Cir. 1995). This is so because unless the ultimate decision is made by a district judge, Article III power has effectively been exercised by a magistrate judge, see United States v. Raddatz, 447 U.S. 667, 677-78 (1980), and magistrate judges, who are appointed by district courts, for limited terms of office, are not Article III judges. The exercise of ultimate judicial authority by other than Article III officers affects both individual and structural constitutional protections. In terms of individual protections, the defendant's right to be tried by an Article III judge is implicated. Peretz v. United States, 501 U.S. 923, 936-37 (1991). From an institutional standpoint, allowing a magistrate judge to exercise Article III power may impugn the structural protections inherent in our tripartite system of government. See Commodity Futures Trading Comm'n v. Schor, 478 U.S. 833, 850 (1986). Although Lothridge does not raise the issue on appeal, because of our institutional concerns, his waiver, whether inadvertent or intentional, does not affect our ability to notice the District Court's failure to conduct a de novo review.

In general, we presume that a district judge has in fact undertaken a de novo review of the disputed portions of a magistrate judge's report and recommendations regarding a dispositive issue. See, e.g., Jones v. Pillow, 47 F.3d 251, 253 (8th Cir. 1995). This presumption is unwarranted if it affirmatively appears that the district judge has not applied the de novo standard. Id. So it is here. Although the District Court initially identified the proper standard of review, it subsequently stated that

-2-

"[t]he magistrate judge's determination of credibility is entitled to great weight." Memorandum and Order at 4 (June 4, 2002) (citing <u>Vekamaf Holland B.V. v. Pipe Benders, Inc.</u>, 696 F.2d 608, 611 (8th Cir. 1982)). It further stated that "[t]he factual findings made by the magistrate judge in determining credibility 'shall not be set aside unless clearly erroneous.'" <u>Id.</u> (citing <u>United States v. Risken</u>, 869 F.2d 1098, 1100 (8th Cir. 1989) and <u>Dumond v. Lockhart</u>, 885 F.2d 419, 420 (8th Cir. 1989)). The District Court then concluded that it could not say that the magistrate judge's "credibility findings are clearly erroneous. Thus, the defendant's objections will be overruled." <u>Id.</u> None of the cases cited by the District Court stand for the proposition that a district judge can defer to a magistrate judge's findings on credibility. In <u>Dumond</u>, the parties consented to have the petition for a writ of habeas corpus heard before a magistrate judge pursuant to 28 U.S.C. § 636(c)(1) and the appeal from the judgment entered by the magistrate judge was directly to this Court.[1] 885 F.2d at 420. We thus reviewed the case under our normal standard of review as if it had been heard by a district judge. In <u>Risken</u>, we considered an appeal from a district judge's denial of a writ of habeas corpus. 869 F.2d at 1099. No magistrate judge was involved.

Nor does <u>Vekamaf Holland B.V.</u> ("<u>Vekamaf II</u>") authorize district-court deference to credibility findings made by a magistrate judge. Our statement in <u>Vekamaf II</u> that "[w]e agree with the district court that the magistrate's determinations of credibility are entitled to great weight on appeal" is properly understood only within the context of that case. 696 F.3d at 611. In <u>Vekamaf</u>, the case was tried, with the consent of the parties, to a magistrate judge sitting as a special master pursuant to 28 U.S.C. § 636(b)(2) and Federal Rule of Civil Procedure 53. <u>Vekamaf Holland</u>

---

[1]Under 28 U.S.C. § 636(c), the parties to a civil lawsuit may consent to have their case tried before a magistrate judge, with or without a jury. The judgment entered by the magistrate judge is the judgment of the district court and may be appealed to the court of appeals "in the same manner as an appeal from any other judgment of a district court." <u>Id.</u> at § 636(c)(3).

B.V. v. Pipe Benders, Inc., 671 F.2d 1185, 1186 (8th Cir. 1982). Solely within the context of a referral to a special master (whether a magistrate judge or not), Rule 53(e)(2) specifies that in non-jury actions, the district court "shall accept the master's findings of fact unless clearly erroneous." See also Calvin Klein Cosmetics v. Parfums de Coeur, Ltd., 824 F.2d 665, 670 (8th Cir. 1987). We hasten to add that a district judge is still bound to make a de novo review of the special master's conclusions of law. See Cook v. Niedart, 142 F.3d 1004, 1010 (7th Cir. 1998) ("a district court reviews a special master's legal conclusions de novo and accepts findings of fact unless they are clearly erroneous" (citations omitted)); Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2614 (2d ed. 1994 & 2002 Supp.). In sum, the clearly erroneous standard that we identified in Vekamaf II applies to review of matters in non-jury cases that are referred to a special master and not to the review of objected-to findings in a report and recommendation made by a magistrate judge to a district judge, as in the case at hand.

Because the District Court did not conduct a de novo review of the objected-to matters in the magistrate judge's report and recommendation and did not make its own findings as to those matters, we remand this case to the District Court for the limited purpose of conducting the required de novo review. We retain jurisdiction over this appeal. Within thirty days from the issuance of this opinion, the District Court shall conduct the required de novo review and shall certify to this Court its findings of fact and conclusions of law.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-