# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-3344

———————

| | | |
|---|---|---|
| Julie Delgado-O'Neil, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| City of Minneapolis; Susan Segal, | * | [UNPUBLISHED] |
| in her individual capacity, | * | |
| | * | |
| Appellees. | * | |

———————

Submitted: June 14, 2011
Filed: August 25, 2011

———————

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Julie Delgado-O'Neil appeals the district court's[1] Federal Rule of Civil Procedure 12(b)(6) dismissal of her retaliation claims under 42 U.S.C. § 1983 against the City of Minneapolis and City Attorney Susan Segal in her individual capacity; the court's later grant of summary judgment in favor of the City (and denial of Delgado-O'Neil's motion for partial summary judgment) on Delgado-O'Neil's remaining retaliation and disparate impact claims pursued under Title VII of the Civil Rights Act

---

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

of 1964, 42 U.S.C. §§ 2000e et seq., 42 U.S.C. § 1981, and the Minneapolis Civil Rights Ordinance §§ 139.40(m)(1) and (3) (MCRO); and the court's denial of spoilation sanctions. She appeals certain of the district court's rulings on various pre-trial motions as well. We affirm.[2]

The district court adopted the recommendation of the magistrate judge[3] and dismissed Delgado-O'Neil's § 1983 claims against the City and Segal. We affirm, pausing only to reiterate that, even though Title VII may not be the basis for a retaliatory discharge claim in a § 1983 action, § 1983 provides a vehicle for redressing Delgado-O'Neil's claims of retaliation on the basis of the First Amendment because the filing of an EEOC charge and a civil rights lawsuit are activities protected by the First Amendment. Tyler v. Univ. of Arkansas Bd. of Trs., 628 F.3d 980, 986 (8th Cir. 2011). That said, Delgado-O'Neil correctly articulates that her First Amendment retaliation claims are analyzed under the same framework as claims of retaliation under Title VII, a standard visited by the Supreme Court in Burlington Northern & Santa Fe Railway Company v. White, 548 U.S. 53, 68-69 (2006).[4] The magistrate judge, and, in turn, district court, thoroughly reviewed and analyzed Delgado-O'Neil's

---

[2]We also deny Delgado-O'Neil's pending Motion for Permission to File Supplemental Appendix, which was taken with the case for consideration.

[3]The Honorable Jeffrey J. Keyes, United States Magistrate Judge for the District of Minnesota.

[4]Contrary to Delgado-O'Neil's assertion, this is the same standard appropriately discussed and analyzed by the district court in its later grant of summary judgment in favor of the City on Delgado-O'Neil's remaining Title VII and MCRO retaliation claims. The impact of White is not "still shaking out in the Circuits," nor still "developing" in the Eighth Circuit as Delgado-O'Neil contends, and we reject Delgado-O'Neil's suggestion that we abandon the McDonnell-Douglas framework in the Title VII retaliation context. E.g., Fercello v. Cnty. of Ramsey, 612 F.3d 1069, 1077 (8th Cir. 2010) (representing one example of this court's post-White jurisprudence in the Title VII retaliation context and analyzing the claim under the McDonnell-Douglas framework).

amended complaint in light of established pleading standards and the <u>White</u> rubric,[5] and we follow suit after our own de novo review, adopting the thorough and well-reasoned opinion of the magistrate judge, which was adopted by the district court. 8th Cir. R. 47B; <u>see</u> Fed. R. Civ. P. 12(b)(6); <u>281 Care Comm. v. Arneson</u>, 638 F.3d 621, 633 (8th Cir. 2011) (standard of review); <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009) (pleading standards).[6]

The district court also dismissed Delgado-O'Neil's remaining § 1981 claim as well as her disparate impact and retaliation claims, granting summary judgment in favor of the City and denying Delgado-O'Neil's partial motion for summary judgment. In doing so, the district court appropriately reviewed the facts in light of the controlling law and (1) dismissed Delgado-O'Neil's § 1981 retaliation claim for failure to assert the claim under § 1983 (and, alternatively, pointing out that even if this claim had been properly pled, it failed for the same reasons Delgado-O'Neil's § 1983 claims failed); (2) dismissed Delgado-O'Neil's MCRO and Title VII retaliation claims for failure to establish a prima facie case, and alternatively, for failure to establish a genuine issue of material fact regarding pretext; (3) denied Delgado-O'Neil's motion for spoilation sanctions because it was unsupported by record evidence and Delgado-

---

[5]Despite Delgado-O'Neil's insistence to the contrary, the magistrate judge applied the correct legal standard, determining whether Delgado-O'Neil sufficiently pled, for purposes of its Rule 12(b)(6) analysis, that Segal personally took retaliatory action that was materially adverse, i.e., which might have dissuaded a reasonable worker from making or supporting a charge of discrimination. <u>See</u> <u>White</u>, 548 U.S. at 68.

[6]Delgado-O'Neil also challenges the district court's alleged failure to consider supplemental evidence she sought to present under Federal Rule of Civil Procedure 72(b)(3). In the normal course, as here, "we presume that a district judge has in fact undertaken a de novo review" of the magistrate judge's report and recommendation and exercised its discretion whether to receive further evidence. <u>United States v. Lothridge</u>, 324 F.3d 599, 600 (8th Cir. 2003). Delgado-O'Neil offers no evidence or argument sufficient to persuade us otherwise.

O'Neil failed to demonstrate prejudice; (4) denied Delgado-O'Neil's motion to exclude the City's validation study for failure to meet the appropriate legal standard; (5) rejected Delgado-O'Neil's request that the district court consider the Minneapolis Department of Civil Rights determination in its disparate impact analysis, which she claimed was based upon undisputed facts; and (6) dismissed Delgado-O'Neil's disparate impact claim for failure to establish a prima facie case, and alternatively, based upon Delgado-O'Neil's failure to demonstrate the existence of alternative practices. The district court comprehensively addressed the issues Delgado-O'Neil now raises on appeal. Having thoroughly and carefully reviewed each of Delgado-O'Neil's arguments on appeal, as well as the district court's disposition of each claim and the appellate record before us, we affirm the district court's disposition of this case and adopt the reasoning set forth in its thorough and sound analyses. See 8th Cir. R. 47B.

Delgado-O'Neil additionally challenges prior orders of the district court in this action. We review the district court's rulings on these matters for an abuse of discretion. Murphy v. Missouri Dep't of Corr., 506 F.3d 1111, 1117 (8th Cir. 2007) (reviewing a district court's ruling on a Rule 60(b) motion for an abuse of discretion); Norsyn, Inc. v. Desai, 351 F.3d 825, 831 (8th Cir. 2003) (reviewing a district court's issuance of sanctions for an abuse of discretion); Tenkku v. Normandy Bank, 348 F.3d 737, 743 (8th Cir. 2003) ("We will not reverse a district court's discovery ruling absent a gross abuse of discretion resulting in fundamental unfairness in the trial of the case.") (internal quotation omitted). We have meticulously reviewed the district court order affirming the magistrate judge's exclusion of certain improperly disclosed witnesses, the court's mandate that Delgado-O'Neil's counsel cease sending inappropriate e-mail communications to court staff in any matter pending before the district court, as well as the district court's order resolving Delgado-O'Neil's motion to vacate wherein Delgado-O'Neil sought sanctions against the City as well as recusal by the district judge, among various other forms of relief. Our review reveals no abuse of discretion.

For the reasons stated herein, we affirm.

_____