# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1476

_____

| | |
|---|---|
| Harlan Garcia, | * |
| | * |
| Appellant, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the District of |
| | *   South Dakota. |
| United States of America, | * |
| | * |
| Appellee. | * |

_____

Submitted: February 17, 2012
Filed: June 6, 2012

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Harlan Richard Garcia of distributing 50 grams or more of methamphetamine and conspiring to distribute more than 500 grams of methamphetamine. The district court[1] sentenced him to 135 months' imprisonment. These convictions were affirmed on direct appeal. 562 F.3d 947 (8th Cir. 2009). Garcia moved under 28 U.S.C. § 2255 to vacate his sentence, alleging ineffective assistance of counsel. The district court denied his motion and a certificate of

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

appealability. This court granted a certificate on whether the district court should have held an evidentiary hearing before denying the motion. Having jurisdiction under 28 U.S.C. § 2253, this court affirms.

Garcia's attorney admits that before trial he miscalculated the criminal history category, resulting in a higher Guideline range. The attorney advised Garcia of the higher range when discussing the government's two proposed plea agreements. Garcia rejected the agreements because he did not feel he should face the same amount of prison time as if he went to trial. He was also concerned about facing more time than his co-conspirators (who had already pled guilty and were cooperating with the government). Both of the Government's plea offers required Garcia to sign a factual basis statement that he twice brought about one pound of meth to Rapid City.

To prove ineffective assistance of counsel, Garcia must show that his counsel made errors so serious that he was not provided with the "counsel" guaranteed by the Sixth Amendment, which resulted in a performance so deficient that it deprived him of a fair trial. *See* ***Strickland v. Washington***, 466 U.S. 668, 687 (1984). A court need not address both prongs of the *Strickland* test if the petitioner cannot meet one of them. *Id.* at 697. An evidentiary hearing is required unless the motion, files, and records of the case conclusively show the defendant is not entitled to relief. ***Kingsberry v. United States***, 202 F.3d 1030, 1032 (8th Cir. 2000). A petitioner's allegations must be accepted as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief. ***Engelen v. United States***, 68 F.3d 238, 240 (8th Cir. 1995).

During the plea negotiations, Garcia insisted he did not bring meth to Rapid City. At trial, he testified he "never ever" brought meth into South Dakota. Again at sentencing, Garcia stated he was "not guilty of bringing drugs to South Dakota." Thus Garcia could not sign the factual basis statement required for a plea agreement.

He cannot prove that he would have pleaded guilty but for his counsel's erroneous advice. *See* **Chesney v. United States**, 367 F.3d 1055, 1059-60 (8th Cir. 2004) (prisoner alleged attorney failed to communicate pre-trial plea offer but still could not demonstrate prejudice under *Strickland* because he adamantly denied guilt under oath at trial and the district court correctly concluded he could not establish he would have accepted plea agreement); **Sanders v. United States**, 341 F.3d 720, 722-23 (8th Cir. 2003) (denial of §2255 motion without hearing upheld when counsel provided inaccurate estimate of prison term but at all stages of criminal prosecution, prisoner showed no indication he would be willing to admit guilt). *Cf.* **Lafler v. Cooper**, 132 S. Ct. 1376, 1389 (2012) (even if a defendant shows ineffective assistance of counsel causing him to reject a plea offer, a trial court may take into account a "defendant's earlier expressed willingness, or unwillingness, to accept responsibility for his or her actions" in exercising discretion whether to vacate the conviction, or leave it undisturbed).

Garcia also alleges that, during plea negotiations, he was never advised of the option to enter an open plea and qualify for an acceptance-of-responsibility reduction. In his brief, he asserts he would have entered an open plea to the conspiracy charge (but would not have openly pled to the 2005 distributing charge). At sentencing, he did say that "if I was guilty of some minor minimal things that I done, I am wrong for that." However, he went on to say, "But I am not guilty of bringing drugs to South Dakota. I am not guilty of that."

Garcia's counts were grouped for sentencing. An open plea to only one of the two grouped counts would not qualify him for a reduction for acceptance of responsibility. *See* **United States v. Wattree**, 431 F.3d 618, 622-23 (8th Cir. 2005) (in multiple-count indictments where counts are grouped for sentencing, the defendant must plead to all grouped-counts in order to receive acceptance-of-responsibility reduction; counts that are not grouped together are examined for the

totality of the circumstances in order to determine an acceptance-of-responsibility reduction).

Because the record conclusively shows that Garcia is not entitled to relief, no evidentiary hearing was required.

* * * * * * * *

The judgment of the district court is affirmed.

_____