BYE, Circuit Judge,
dissenting.
I would reverse the district court and remand for an evidentiary hearing to determine whether Ramirez’s counsel withheld knowledge of the government’s plea and proffer proposal and, if so, whether the failure was prejudicial to Ramirez.
Under § 2255(b), the district court is required to accept the allegations in a prisoner’s § 2255 motion as true and conduct an evidentiary hearing on those allegations unless they are refuted by the record, are inherently incredible, merely conclusory, or they would not have entitled the petitioner to relief. See Garcia v. United States, 679 F.3d 1013, 1014 (8th Cir.2012). The district court denied Ramirez’s § 2255 petition without conducting an evidentiary hearing. The district court and the majority conclude an evidentiary hearing is unwarranted under their interpretations of Missouri v. Frye, — U.S.-, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012).
The majority limits Frye to its most narrow holding: attorneys must make formal plea offers known to their clients. However, I read Frye to require effective counsel during the process of plea negotiations. Id. at 1407 (“The reality is that plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process, responsibilities that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at critical stages.” (emphasis added)); see also Kovacs v. United States, 744 F.3d 44, 52 (2d Cir.2014) (“The proper focus is not on the specific test applied in ... Frye; each case is a context-specific application of Strickland directed at a particular instance of unreasonable attorney performance.”).
The Supreme Court has “long recognized that the negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel.” Padilla v. Kentucky, 559 U.S. 356, 373, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), citing McMann v. Richardson, 397 U.S. 759, 770-71, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (emphasis added); see also Burger v. Kemp, 483 U.S. 776, 803-04, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987) (noting “pretrial plea negotiations ” are a critical stage of the criminal process (emphasis added)). Frye may not have required the Supreme Court to examine a non-formal plea offer, but the Court still discussed the process of gaining a plea deal: “criminal defendants require effective counsel during plea negotiations.” 132 S.Ct. at 1407-08 (emphasis added). No language limits the requirement of effective counsel to “formal negotiations” or “formal plea offers” but rather to simply “negotiations.”
As the majority notes, supra, at n. 3, the Fourth Circuit recently encountered a similar situation in Merzbacher v. Shearin, 706 F.3d 356 (4th Cir.2013). Merzbacher does not foreclose the application of Frye to nascent plea agreements, but rather acknowledges “there may be cases in which a petitioner can show Strickland *610 prejudice despite the incipience of the plea offer he did not accept[.]” Id. at 369-70. While the Fourth Circuit acknowledged a “lack of definition in the plea offer” made it difficult to know whether the plea would have been adopted, the court also found “significant evidence weighed against finding the petitioner and the prosecutor would have agreed on a plea” and ultimately denied the petition because the petitioner had failed to demonstrate a reasonable probability the plea would have been entered and adopted. Id. at 370.
In the present case, Ramirez was not allowed to even offer evidence the plea would have been entered and adopted. An evidentiary hearing is required to determine whether Ramirez’s lawyer truly did fail to inform Ramirez of the proffer and plea deal and whether Ramirez would have cooperated with the government. If, in fact, Ramirez would have cooperated and Ramirez’s attorney failed to even notify Ramirez of the nascent plea and proffer agreement, then Ramirez may be able to show his counsel was constitutionally ineffective for failing to notify him of the proffer and plea deal.
On remand, Ramirez would also have the opportunity to demonstrate “a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.” Frye, 132 S.Ct. at 1409.
At sentencing, the district court was clearly displeased with the mandatory minimum required in Ramirez’s case. The district court asked the government whether there was an opportunity for a motion for substantial assistance which would have changed the mandatory minimum and stated, “I think this is one of the most unfair sentences I’ve been required to impose in my 18 years on the bench, and I do it with a heavy heart.” The district court subsequently sentenced Ramirez to the mandatory minimum. A cooperation agreement would have prevented a mandatory minimum; Ramirez should be allowed to develop a record below to show a reasonable probability his sentence would have been less had he pleaded guilty with the benefit of a cooperation agreement.
In light of the strong emphasis on plea negotiations in Supreme Court precedent, I find the record does not conclusively establish Ramirez was not entitled to relief. Therefore, I would remand this case for an evidentiary hearing to determine whether Ramirez’s attorney did, in fact, fail to notify Ramirez of the potential cooperation agreement and whether that failure was prejudicial to Ramirez.