# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4540

_____

Theodore S. Wiggins

*Movant - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 16, 2018
Filed: August 16, 2018

_____

Before WOLLMAN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Facing drug charges, Theodore Wiggins rejected two plea offers: one providing for a sentence of 15 years in prison and the other providing a sentence range of 10 years to life with the government restricted to arguing for a within United States Sentencing Guidelines range. He then stood trial, was found guilty by a jury, and received a mandatory sentence of life imprisonment pursuant to 21 U.S.C.

§ 841(b)(1)(A). After appealing his conviction and sentence with no success, Wiggins brought this 28 U.S.C. § 2255 action, alleging his counsel was ineffective for failing to advise him that he would receive a mandatory life sentence if convicted. The district court agreed and ordered the government to reoffer Wiggins the plea bargain that carried a sentence of 10 years to life imprisonment. Wiggins accepted the offer, and the court sentenced him to 20 years imprisonment. Wiggins now claims the court erred in reinstating only one of the two plea offers. We disagree.

## I. Background

In June 2011, Wiggins was charged with conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 ("Count 1") and distribution of some quantity of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) ("Count 8"). Count 1 carried a statutory sentence of 10 years to life in prison, and Count 8 carried a 20-year maximum sentence. 21 U.S.C. § 841(b)(1). However, the government sought sentence enhancements based on Wiggins's two prior felony drug convictions: one for distribution of a controlled substance and one for possession of a controlled substance. 21 U.S.C. §§ 841(b)(1) and 851. As a result of these enhancements, Count 1 was punishable by a mandatory sentence of life in prison, and Count 8 was punishable by a 30-year maximum sentence. Id.

Prior to trial, the government extended two plea offers to Wiggins. The first was a binding plea agreement for a 15-year sentence. The second required Wiggins to plead guilty to a lesser offense under Count 1, with the understanding that he could argue for the 10-year mandatory minimum sentence while the government would recommend a sentence within the Sentencing Guidelines range. Wiggins rejected both offers. The case proceeded to a three-day trial, and the jury found Wiggins guilty on both counts. Applying the sentence enhancements, the district court sentenced Wiggins to life imprisonment, the mandatory sentence, on Count 1, and 30

years imprisonment, the maximum sentence, on Count 8, to be served concurrently. Wiggins appealed his conviction and sentence, which we affirmed. United States v. Wiggins, 747 F.3d 959, 965 (8th Cir. 2014).

Wiggins then filed a timely § 2255 motion, asserting, as relevant here, that his appointed defense counsel was ineffective for failing to advise him that he would be subject to a mandatory life sentence if convicted at trial. At the evidentiary hearing, counsel testified that, at the time he represented Wiggins, he believed the conspiracy-to-distribute-cocaine charge contained in Count 1, when enhanced by two prior drug offenses, was punishable by a prison sentence of 30 years to life. But, he believed that one of Wiggins's two prior drug offenses did not qualify for the enhancement and that Count 1 therefore was actually punishable by a sentence of 20 years to life. It is undisputed that Counsel's understanding was in error. Counsel conveyed this erroneous understanding to Wiggins, and he and Wiggins discussed, on numerous occasions, the consequences of going to trial versus accepting one of the two alternative plea offers. Wiggins rejected the idea of a non-binding plea offer and stated he was unwilling to enter into an agreement that could result in a sentence of over 10 years because he was innocent and he wanted to see his daughter graduate from high school. Wiggins admitted his guilt at the § 2255 evidentiary hearing, but testified that when he rejected the plea offers, he believed the judge could sentence him to as little as 20 years if convicted. Wiggins stated that if he had known the truth—that conviction on count 1 carried a mandatory life sentence—he would have accepted the 15-year offer.

On August 18, 2016, the district court granted Wiggins relief on his ineffective assistance of counsel claim, finding defense counsel performed deficiently in the plea negotiation process and Wiggins had shown prejudice. The court accepted Wiggins's testimony that he would have entered into one of the plea agreements had he known that conviction at trial would result in a mandatory life sentence and the court

concluded it would likely have accepted either of the plea agreements. The court found, however, that it was "not credible that [Wiggins] would have accepted a binding plea agreement with a 15-year sentence." In support of this conclusion the court noted that, in the face of overwhelming evidence against him Wiggins continued to adamantly deny his guilt, was firmly unwilling to accept a plea bargain that could result in a sentence of over 10 years, and his trial resulted in significant costs to the government. The court therefore concluded that the proper remedy was to order the government to reoffer Wiggins only the second plea option, which required Wiggins to plead guilty to Count 1 and face a sentence of 10 years to life in prison.

On October 11, 2016, Wiggins pled guilty to conspiracy to distribute 500 grams or more of cocaine and 28 grams or more of cocaine base, a lesser-included offense to Count 1. The district court determined the Sentencing Guidelines range was 110 to 137 months imprisonment, limited by the 120-month statutory mandatory minimum. The court sentenced Wiggins to 20 years imprisonment, entering judgment on December 20, 2016. Wiggins appealed on December 22, 2016, challenging the district court's decision to reinstate only one plea offer, as opposed to both. After we issued a certificate of appealability, the government filed a motion to dismiss the appeal as untimely.

## II. Discussion

We first address the government's motion to dismiss. Under Fed. R. App. P. 4(a)(1)(B)(i), Wiggins was required to appeal "within 60 days after entry of the judgment or order appealed from." A judgment or order is "final," and thus appealable, if it is "final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved." Andrews v. United States, 373 U.S. 334, 340 (1963) (internal quotation marks omitted). The government

contends Wiggins's appeal—filed December 22, 2016—was untimely because it was not filed within 60 days of either: (1) the district court's August 18, 2016 order granting his § 2255 motion or (2) Wiggins's guilty plea on October 11, 2016.

However, the order granting Wiggins's § 2255 motion did not become final and appealable until the district court resentenced Wiggins. See Andrews, 373 U.S. at 340 ("[U]ntil the court [resentences the petitioner or] . . . make[s] some other disposition with respect to [his] sentence[] . . . , none of the parties to this controversy will have had a final adjudication of his claims by the trial court in these § 2255 proceedings."); United States v. Stitt, 459 F.3d 483, 485 (4th Cir. 2006) ("Subsequent cases interpreting Andrews squarely hold that a district court's judgment vacating a sentence does not become final—and thus is not appealable—until the court has resentenced the defendant."). That is because, prior to resentencing, Wiggins did not know whether he had grounds to appeal. See Andrews, 373 U.S. at 340 ("Until the petitioner[] [is] resentenced, it is impossible to know whether [a party] will be able to show any colorable claim of prejudicial error."). Because the court resentenced Wiggins on December 20, 2016, we find his appeal—filed two days later—was timely.[1]

In addition, the government raises two related arguments—concerning mootness and waiver—which both rest upon the government's contention that Wiggins should have appealed the § 2255 order immediately, rather than waiting until after resentencing. First, the government argues Wiggins's claim is moot because the

---

[1]We recognize that in Davis v. United States, 858 F.3d 529 (8th Cir. 2017), we heard an appeal—prior to resentencing—from an order granting a § 2255 motion and requiring the government to reoffer a prior plea agreement. In that case, however, the timeliness of the appeal was not an issue. Regardless, "we are bound to follow controlling United States Supreme Court precedents." Union Pacific R.R. Co. v. 174 Acres of Land Located in Crittenden Cnty., 193 F.3d 944, 946 (8th Cir. 1999).

district court vacated his original sentence and he has not appealed his new sentence. United States v. Evans, 690 F.3d 940, 943 (8th Cir. 2012) (holding a claim is moot if the parties no longer have "a personal stake in the dispute" (internal quotation marks omitted)). If Wiggins wished to appeal the court's choice of remedy in the § 2255 order, the government argues, he should not have accepted the plea offer. In a similar argument, the government claims Wiggins waived his right to challenge the court's choice of remedy by pleading guilty. United States v. Olano, 507 U.S. 725, 733 (1993) ("[W]aiver is the intentional relinquishment or abandonment of a known right." (internal quotation marks omitted)). We disagree. As discussed above, the district court's order was not final until after resentencing. See Andrews, 373 U.S. at 340. Thus, Wiggins did not forgo his interest in nor waive his right to challenge the § 2255 order by waiting to bring this appeal until after he was resentenced.

This brings us to the merits of Wiggins's claim. Although the district court granted his ineffective assistance of counsel claim, Wiggins argues that the court erred in its choice of remedy: requiring the government to reoffer only one of the plea bargains rather than both. Instead, Wiggins contends he should be presented with both plea options. A proper remedy for ineffective assistance of counsel should "be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." See Lafler v. Cooper, 566 U.S. 156, 170 (2012) (internal quotation marks omitted). It "must neutralize the taint of [the] constitutional violation," but "not grant a windfall to the defendant or needlessly squander the considerable resources the [government] properly invested in the criminal prosecution." Id. Where, as here, a defendant rejects a plea offer based on ineffective assistance of counsel, the appropriate remedy "may be to require the prosecution to reoffer the plea proposal." Id. at 171. The district court "can then exercise discretion in deciding whether to vacate the conviction from trial and accept the plea or leave the conviction undisturbed." Id.

Here, the district court concluded that requiring the government to reoffer the plea bargain was the appropriate remedy, but further determined the government should only reoffer one of the two plea options that were previously available to Wiggins - a sentence of 10 years to life with the government restricted to arguing for a sentence within the Sentencing Guidelines range. The district court accepted Wiggins's testimony that he would have entered into one of the offered plea bargains if he had known his conviction on count 1 would result in a mandatory life sentence, but found it was "not credible that [Wiggins] would have accepted [the] binding plea agreement with a 15-year sentence."

We review the district court's legal conclusions de novo and its factual findings and credibility determinations for clear error. Laird v. United States, 987 F.2d 527, 529 (8th Cir. 1993). "A finding is clearly erroneous when evidence in its entirety creates a definite and firm conviction that a mistake has been committed." United States v. Luke, 686 F.3d 600, 604 (8th Cir. 2012) (internal quotation marks omitted).

The district court found Wiggins' testimony that he would have accepted the 15-year plea offer not credible for several reasons. First, the court points to the fact that Wiggins consistently denied his guilt until after sentencing and the court may consider a defendant's earlier unwillingness to accept responsibility in determining whether the defendant would have accepted a previously-offered plea agreement. Garcia v. United States, 679 F.3d 1013, 1014-15 (8th Cir. 2012). In addition, the district court reasoned that Wiggins would have rejected the 15-year sentence because he clearly informed his attorney that he wished to avoid a sentence of over 10 years. We find no clear error in the district court's determination that Wiggins would not have accepted a plea offer which made a sentence in excess of ten years a certainty. See also United States v. Bridges, 569 F.3d 374, 377-78 ("[A] district court's findings with respect to witness credibility are almost never clear error given [the district] court's comparative advantage at evaluating credibility. Thus, [a] district court's

credibility determinations are virtually unreviewable on appeal." (alterations in original) (internal quotation marks and citations omitted)).

While the district court's factual findings amply support its decision as to the appropriate remedy in this case, we also observe that, to a large degree, whether both plea bargains were reoffered or only the proposal of 10 years to life is irrelevant because the district court retained the discretion to reject either or both of the proposals taking into account "all the circumstances of the case." Lafler, 566 U.S. at 175; Fed. R. Crim. P. 11(c)(3).

## III. Conclusion

The district court was free to exercise discretion in implementing an appropriate remedy for the Sixth Amendment violation in this case, see Lafler, 566 U.S. at 171, and we conclude the court did not clearly err in determining that Wiggins would have accepted one of the plea offers but not the other.

Accordingly, we deny the motion to dismiss this appeal and affirm the judgment of the district court.

———————————————