GENERAL PLYWOOD CORPORATION,
Plaintiff-Appellant,

v.

GEORGIA–PACIFIC CORPORATION,
Defendant-Appellee.

No. 73–3701.

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1974.

John A. Blair, Charles H. Blair, Harness, Dickey & Pierce, Birmingham, Mich., for plaintiff-appellant.

W. Philip Churchill, Ronald F. Ball, Fish & Neave, New York City, Thomas H. Gignilliat, Gignilliat & Abbott, Savannah, Ga., for defendant-appellee.

Before RIVES, GEWIN and GOLDBERG, Circuit Judges.

PER CURIAM:

This case had its genesis in 1959 when General Plywood Corporation (General Plywood) sued Georgia-Pacific Corporation (Georgia-Pacific) claiming infringement of its United States Patent No. 2,827,935. Since that time, related litigation in the United States District Court for the Western District of Kentucky has involved the validity of the same patent and a claim of infringement. United States Plywood Corp. v. General Plywood Corp., 230 F.Supp. 831 (W.D.Ky.1964). That court held the patent valid but not infringed. The Sixth Circuit affirmed the judgment of the district court in a well reasoned opinion. United States Plywood Corp. v. General Plywood Corp., 370 F.2d 500 (6th Cir. 1966), cert. denied, 389 U.S. 820, 88 S.Ct. 39, 19 L.Ed.2d 71 (1967). In the case *sub judice* the District Court for the Southern District of Georgia appointed a special master who held extensive hearings over a substantial period of time resulting in a record of more than 16,500 pages of typewritten and printed matter. Demonstrations of General Plywood's patented process and the process employed by Georgia-Pacific were conducted before the special master.

**516**

General Plywood has named its process "Microseal." It is a process of finishing wood in the white, that is, without the aid of fillers, top coats or finishing materials. It provides a method of treating flat wood surfaces so as to increase hardness, smoothness and reflectivity but reduce porosity and absorbency. In its complaint charging Georgia-Pacific with infringement, General Plywood sought injunctive relief, accounting for profits, treble damages and attorneys' fees.

The proceedings before the special master were stayed by agreement of the parties pending determination of the issues presented in the litigation in the District Court for the Western District of Kentucky.[1] That litigation ended in 1967 and the proceedings in this case recommenced in 1968. Following the stay of proceedings, the special master took extensive evidence and made a report to the district court. The district court desired further findings and remanded the case to the master directing him to take further evidence and to make another report. General Plywood had urged such a course because of "newly discovered evidence." Again, additional evidence was taken by the special master. Upon final review the district court con-

firmed and adopted the findings of the special master that the patent had not been infringed. General Plywood Corp. v. Georgia-Pacific Corp., 362 F.Supp. 700 (S.D.Georgia 1973).[2]

■■ This case has been thoroughly litigated in all of its phases over an extended period of time. In addition to the proceedings here under review, the Kentucky district court conducted a trial lasting over 40 trial days. The district judge there referred to the massive amount of evidence which resulted in a "voluminous record." 230 F.Supp. at 833. In its opinion the Sixth Circuit described the litigation as "a bitter controversy" and noted that the case involved a lengthy trial of complex pleadings and complex facts.

After the decisions of the Kentucky district court and the Sixth Circuit, General Plywood claimed that the issues in this case had not been resolved by that litigation and insisted upon a full trial of the infringement question. We have carefully considered the well prepared briefs of both parties and their contentions at oral argument and have reviewed the record. We are firmly convinced that the district court correctly decided the case and affirm on the basis of that court's decision. General

---

1. In its opinion the district court made the following statement:

Shortly thereafter, proceedings in the case were stayed by agreement of the parties pending determination of the same issues in United States Plywood Corporation v. General Plywood Corporation in the United States District Court for the Western District of Kentucky.

362 F.Supp. at 701.

In its brief Georgia-Pacific asserts "[A]ll further proceedings [before the special master] were stayed by agreement of the parties, because General [Plywood] elected to proceed with trial first in the *United States Plywood* case in Kentucky." Appellee's brief p. 2. On the other hand, General Plywood concedes that the proceedings were stayed by agreement of the parties, but claims it made no "election." It simply asserts that General Plywood could not afford to try two cases at the same time. It further asserts that the parties were hopeful that a final decision in *United States Plywood* would result in

a settlement of this case. Reply Brief of General Plywood pp. 11–12.

In his report the special master asserted: By agreement of the parties, hearings before the special master were continued until such time as certain litigation concerning the same patent in issue in this case was decided in the case of United States Plywood Corporation vs. General Plywood Corporation, then pending in the United States District Court for the Western District of Kentucky.

Appendix p. 1078.

2. By agreement of the parties the validity of the patent is not an issue in this litigation. General Plywood also claimed a breach of trust in violation of a confidential disclosure. That issue has not been adjudicated and is not an issue on this appeal. In directing the entry of a final judgment on the infringement issue only, the district court made an express determination that "[T]here is no just reason for delay." Fed.R.Civ.Proc. 54(b); Appendix p. 1128.

Plywood Corp. v. Georgia-Pacific Corp., *supra.*

Both parties agree that the only issue before this court is the question of patent infringement. Although there was a motion for summary judgment before the special master, the district court made no reference to that motion because it evidently considered that the parties had received a full trial and that the evidence on the issue of infringement had been fully developed.[3] General Plywood concurs in that apparent conclusion. At oral argument both parties also assured the court that the principles set forth in Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 are not applicable to the infringement issue, and that there is no claim of res judicata of collateral estoppel. Moreover, the district court was not asked to consider the teachings of the *Blonder-Tongue* decision. That decision more specifically dealt with the validity or nonvalidity of the patent involved rather than with the question of infringement.

In this court General Plywood takes the position that the controlling facts found by the special master and confirmed and adopted by the district court upon review are correct. It contends, however, that the facts found compel the legal conclusion that Georgia-Pacific has infringed its patent.

In amplification of its position, General Plywood urgently insists that the process used by Georgia-Pacific in its treatment of wood accomplishes substantially the same result by use of substantially the same process as that described in its patent. Graver Tank Co. v. Linde Air Prod. Co., 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097 (1950). General Plywood's patent involves only a process. There is no claim of a patent on machinery or other equipment used in the process. Moreover, General Plywood vehemently asserts that the decisions of the Kentucky district court and the Sixth Circuit have no bearing on the issue of infringement which we must decide. It further asserts that even if those decisions were controlling, they are incorrect and should not be followed.

■ We agree with General Plywood that the decisions of the Kentucky district court and the Sixth Circuit are not binding on us, but we cannot agree that they should be totally ignored. Surely those decisions are informative as to the patented process here involved and instructive to some degree on the question of infringement; they will not be brushed aside as worthless. Moreover, it is strongly indicated that General Plywood had the hope, at one stage of the proceedings, that the litigation in the Sixth Circuit would dispose of this case. See note 1, *supra.*[4]

Georgia-Pacific takes the position that the decision under review is in full accord with the decisions of the Kentucky district court and the Sixth Circuit and that all three decisions are clearly correct. It insists that its process does not employ the "relatively nonabrasive" or "unabrasive" rubbing medium required by the patent claims. It argues that since an essential element of the patented process was omitted in the Georgia-

---

3. In accordance with its opinion the district court entered the following order:

It is Ordered and Adjudged that

1. The findings and conclusions of the Special Master are confirmed and adopted by this Court.

2. Defendant's process does not infringe upon United States patent No. 2,827,935.

3. Defendant's prayer for a declaratory judgment that defendant's process does not infringe the patent is granted.

4. The "First Cause of Action" in the complaint is dismissed.

4. In the opinion under review it is clear that the district court thought that the decisions of the District Court of Kentucky and the Sixth Circuit did have some bearing on the issue of infringement in the case *sub judice*. However, in its order of remand the special master was directed to consider independently of those decisions the question of infringement or noninfringement. General Plywood Corp. v. Georgia-Pacific Corp., *supra*, 362 F.Supp. n. 4, p. 703.

Pacific process there must be a finding of noninfringement. Simply put, Georgia-Pacific says the two processes are different because its process is abrasive and General Plywood's is not. It further maintains that the patentee is his own lexicographer and that the phrase "relatively nonabrasive", as used in the patent claims, was never defined by General Plywood but was treated as being synonymous with "unabrasive." Both General Plywood and Georgia-Pacific agree that the only issue presented is the legal question whether, upon a proper interpretation or construction of General Plywood's patent, the process used by Georgia-Pacific constituted infringement. Georgia-Pacific insists that there is no literal infringement.

As earlier indicated, we see no point in undertaking a further detailed description of the process described in the patent involved or a recitation of the facts beyond those stated by the district court. We are in full accord with the opinion of the district court and therefore conclude that the judgment must be affirmed.

Affirmed.