James LIVAS, Plaintiff-Appellant,

v.

**TELEDYNE MOVIBLE OFFSHORE, INC., Defendant-Appellee.**

No. 79–1762
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 19, 1979.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Failure of employee to object to findings of magistrate in support of his recommendation that judgment be entered for defendant in employee's civil rights case did not bar employee from raising independent obligation of district court to determine that master's findings were not clearly erroneous. Fed.Rules Civ.Proc. Rule 53(e)(2), 28 U.S.C.A.

Joseph W. Thomas, New Orleans, La., for plaintiff-appellant.

Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Robert W. Daigle, Lafayette, La., for defendant-appellee.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

PER CURIAM:

In this Title VII case Livas alleges that he was fired for racial reasons. Without objection his case was referred for trial to a Magistrate as Special Master under F.R. Civ.P. Rule 53. The order of reference required the master to file findings of fact and conclusions of law. After hearing the master recommended that judgment be entered for defendant. No objections to the findings and conclusions were filed.

On January 15, 1979, the court approved the master's findings and recommendations and adopted them as its opinion and entered judgment for defendant.

The district court has the obligation to determine that the findings of the master are not clearly erroneous. F.R. Civ.P. 53(e)(2); see W.R.B. Corporation v. Gerr, 313 F.2d 750, 753 (CA5), cert. denied, 379 U.S. 841, 85 S.Ct. 78, 13 L.Ed.2d 47 (1964); General Plywood Corp. v. Georgia Pacific Corp., 362 F.Supp. 700, 704 (S.D.Ga., 1973), aff'd, 504 F.2d 515 (CA5, 1974). Here the master's findings were based on credibility choices among witnesses concerning the reasons for Livas's discharge. The district court could not pass on whether the findings of the master were clearly erroneous without a transcript. The transcript of the proceedings had not then been prepared and was not prepared until March 19.

Livas did not object to the findings of the Magistrate as permitted by Rule 53(e)(2). This does not, however, bar him from raising the independent obligation of the court to determine that the master's findings are not clearly erroneous.

The transcript of the proceedings before the Master is before us on appeal, but the sufficiency of the master's findings is an issue that must be determined by the district court in the first instance.

VACATED and REMANDED.