**Richard A. PETERS, Plaintiff,**

v.

**BOARD OF REGENTS/GEORGIA SOUTHERN UNIVERSITY, Defendant.**

Civ. A. No. 1:91–CV–2627–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 10, 1994.

Richard A. Peters, pro se plaintiff.

Jeff L. Milsteen, Wayne Preston Yancey, Kattegummula Prabhaker Reddy, Elaine Smith Newell, Office of State Atty. Gen., Atlanta, GA, for defendant.

## ORDER

FORRESTER, District Judge.

This matter is before the court on Plaintiff Richard A. Peters' objections to Magistrate Judge Strother's Special Master's Report following a five-day bench trial. The Report concludes that no causal link existed between Plaintiff's complaints concerning activities at Georgia Southern University and his discharge. The Report further finds that Plaintiff has not carried his burden of proving that Defendant's legitimate non-discriminatory reasons for the discharge were untrue or, even if untrue, that the discharge was based on his race.

█ This case was referred to Magistrate Judge Strother pursuant to 42 U.S.C. § 2000e-5(f) and the Court's Internal Operating Procedure Rule 920-2. A referral under these rules constitutes an express reference to the Magistrate Judge sitting as a special master under *Fed.R.Civ.P.* 53(f). Rule 53 provides that absent limitations imposed by the district court, the "the master

has and shall exercise the power to regulate all proceedings in every hearing before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties under the order." Under Rule 920-2(a), Magistrate Judge Strother had the authority to hear this case "in its entirety." He therefore conducted a bench trial, after which he was required to prepare a report setting forth findings of fact and conclusions of law for review by this court and to "file with the report a transcript of the proceedings and of the evidence and the original exhibits." *Fed.R.Civ.P.* 53(e)(1). Review of such a report is then made under a "clearly erroneous" standard. *Fed.R.Civ.P.* 53(e)(2); *Livas v. Teledyne Movible Offshore, Inc.*, 607 F.2d 118, 119 (5th Cir.1979).[1]

█ This court is troubled by the state of the record as submitted to the court following the bench trial. Plaintiff challenges many findings of fact in his objections. No transcript, however, has been submitted for review by this court. *Fed.R.Civ.P.* 53(e)(2) mandates that a transcript be submitted by the Magistrate Judge. Furthermore, an attempt to rule on a special master's report absent a copy of the transcript would be error. *See Livas*, 607 F.2d at 119. Plaintiff is proceeding *in forma pauperis* and states in his objections that he cannot afford to pay for a transcript. While this court understands the reluctance in forcing court reporters employed in these courts to produce transcripts absent compensation by the parties, the law may so mandate in certain circumstances.

█ The court is further troubled by the report as currently prepared. In reviewing the report as currently written, Plaintiff seemingly only pursued two theories at trial for recovery under Title VII—retaliatory discharge and discriminatory discharge. This court remembers that on summary judgment, the Plaintiff at that time was asserting a First Amendment retaliatory discharge claim. The report as currently submitted, however, does not seemingly address such a

---

1. Decisions of the former Fifth Circuit rendered prior to October 1, 1981, unless overruled by the Eleventh Circuit *en banc,* are binding precedent in this court. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981).

First Amendment claim. Furthermore, while it is true that under a Title VII retaliatory discharge claim, a causal connection between the protected activity and the adverse employment action is one element of the Plaintiff's burden of proof, the order fails to show the facts which supported any other elements of the claim. *See, e.g., Morgan v. City of Jasper,* 959 F.2d 1542, 1547 (11th Cir.1992). Moreover, the applicable statute, 42 U.S.C. § 2000e–3(a), prohibits retaliatory discharge based only on opposition to a "practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." The report includes as relevant evidence the complaints Plaintiff made as a student regarding the recreational course project held at a country club that did not allow blacks as members. While perhaps this evidence could serve as grounds for a claim of retaliation against a public employee for exercising his right to speak on matters of public concern under the First Amendment, such evidence does not relate to any unlawful employment practice and therefore is irrelevant to a Title VII retaliatory discharge claim. *See, e.g., Schneider v. Indian River Community College Foundation,* 875 F.2d 1537, 1542 (11th Cir.1989). If, however, a First Amendment claim was included, such evidence obviously may be considered and analyzed in light of applicable First Amendment authority.

■ As to the consideration of the discriminatory discharge claim, while this court understands that the ultimate issue is whether Defendant intentionally discriminated against Plaintiff, no application of the law to specific facts in the report is made. Rather, only a blanket conclusion is asserted. While such a blanket assertion may not be clearly erroneous, a lack of application of specific parts of the record to the law on point on which this conclusion is based makes review, needless to say, more difficult.

This court, therefore, must reject the Special Master's Report as currently prepared. The Special Master's Report is to be resubmitted to the Magistrate Judge for further consideration in light of this order [42–1].

SO ORDERED.