**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 00-10854

_____


NEOMA SHAFER; ET AL.,

                                        Plaintiffs,


JUDITH ANN PARKS,

                                        Plaintiff - Appellee,

versus


ARMY & AIR FORCE EXCHANGE SERVICE; UNITED STATES
DEPARTMENT OF DEFENSE

                                        Defendants - Appellants.



Appeals from the United States District Court
for the Northern District of Texas



January 11, 2002

Before BALDOCK[*], SMITH, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

_____

    [*] Circuit Judge of the Tenth Circuit, sitting by designation.

This appeal arises out of a Title VII and contempt action filed by Judith Ann Parks against the Army & Air Force Exchange Service (AAFES). Parks' individual action was originally part of a larger Title VII class action suit alleging sex discrimination against AAFES. In resolving the class action, the district court determined that AAFES' policies had a disparate impact on a class of female employees employed after 1972, and that this class of employees had received differing treatment with respect to placement and promotion. *See Shafer v. AAFES*, 667 F. Supp. 414, 433 (N.D. Tex. 1985). After the class action decision, the district court assigned Parks' individual claims of non-promotion to a Special Master. In 1988, based on the Special Master's recommendations, the district court entered an order requiring AAFES to retroactively promote Parks, mandating that the company amend her personnel records to reflect those retroactive promotions, and enjoining AAFES from retaliation against her.

On June 27, 1994, Parks filed a contempt motion against AAFES claiming that the company had not complied with the district court's 1988 order. Pursuant to FED. R. CIV. P. 53, the district court once again referred Parks' claims to the same Special Master. Shortly thereafter, on August 4, 1994, Parks filed a separate lawsuit alleging new instances of discrimination and retaliation distinct from the claims resolved by the court's 1988 order. This second lawsuit was transferred to the original *Shafer* court. The Special Master then heard both the contempt claims arising out the original lawsuit as well as the new claims in one proceeding.[1]

The Special Master conducted an extensive evidentiary hearing in May of 1996. Following the hearing, which produced a sixteen-volume record, the court reporter delivered the transcripts of

---

[1] There is disagreement between the parties as to whether the district court properly referred Parks' new claims to the Special Master. Because we decide this case on procedural grounds, we need not reach this issue.

the proceeding to AAFES. The Special Master, assuming the reporter would file the original transcripts with the district court, never delivered any transcripts to the District Clerk. After receiving additional briefing from the parties, the Special Master submitted his recommendations to the district court on December 28, 1998. The parties then filed objections to the Special Master's findings. Nevertheless, on June 20, 2000, the district court approved the Special Master's recommendations and adopted them as its opinion.

The parties, apparently assuming that the May transcripts had been delivered to the district court, subsequently learned in preparation for this appeal that the district court had never received those documents. Parks and AAFES agreed to duplicate the original transcripts and reconstruct the exhibits from the hearing. The district court then ordered that both the transcripts and exhibits be incorporated into the trial record. The court did so without reviewing the transcripts or modifying its final judgment.

The Federal Rules of Civil Procedure provide that in non-jury actions such as this one, "the court shall accept the master's findings of fact unless clearly erroneous." FED. R. CIV. P. 53(e)(2). We interpret this rule as imposing an independent obligation on the district court to review the Special Master's factual findings for clear error. *See, e.g., Livas v. Teledyne Movible Offshore, Inc.*, 607 F.2d 118, 119 (5th Cir. 1979); *W. R. B. Corp. v. Greer*, 313 F.2d 750, 753 (5th Cir. 1964) ("A Court at some stage must determine as a judicial matter that the findings meet [the clear error standard]."); CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2614 (1995) ("The parties are entitled to actual review by the court to determine whether the findings are clearly erroneous."). This duty includes examining all relevant evidence, including in some cases the hearing transcripts in their entirety. *Livas*, 607 F.2d at 119.

Here, the district court adopted the Special Master's recommendations prior to receiving either the transcript of the hearing or any of the exhibits from the parties. A review of the Special Master's recommendations reveals that his findings were based on competing explanations of the events leading up to Parks' decision to leave AAFES, as well as vermiculated testimony concerning the AAFES promotion system. Given the complicated factual nature of Parks' claims, the district court could not have properly fulfilled its obligation under Rule 53 without reviewing the hearing transcripts.

We cannot review the transcript of the proceedings before the Special Master in the first instance on appeal. *Livas*, 607 F.2d at 119. Rather, the sufficiency of the Special Master's findings is an issue that must first be determined by the district court. *Id.* Therefore, the judgment of the district court is VACATED. We REMAND this case so that the district court may conduct the required review of the Special Master's factual findings.