**UNITED STATES of America,
Plaintiff,**

**v.**

**Olivia ALAW, et al., Defendants.**

**No. CIV.A.98–1446(GK).**

United States District Court,
District of Columbia.

Jan. 17, 2002.

Philip L. Benham, Garland, TX, pro se.

Mark H. Gabriel, Appleton, WI, pro se.

Richard P. Caro, Chicago, IL, Michelle H. Pelletier, Arlington, VA, Mark Nathan Troobnick, Wright & Sielaty, PC, Lake Ridge, VA, for Mark H. Gabriel, Howard S. Heldreth.

Howard S. Heldreth, Naperville, IL, pro se.

James Matthew Henderson, Sr., Washington, DC, Mark Nathan Troobnick, Wright & Sielaty, PC, Lake Ridge, VA, for David A. Henderson, Patrick J. Mahoney.

Mark Nathan Troobnick, Wright & Sielaty, PC, Lake Ridge, VA, for Erik A. Jurek.

Brian R. Chavez–Ochoa, Valley Springs, CA, Mark Nathan Troobnick, Wright & Sielaty, PC, Lake Ridge, VA, for Troy Newman, Jeffrey L. White.

Sharon R. Rygg, Cheektowaga, NY, pro se.

Richard P. Raynolds, Garland, TX, pro se.

Ryan T. McGlade, Bradenton, FL, pro se.

Esther C. Tyree, Metairie, LA, pro se.

Meredith Manning, U.S. Attorney's Office, Washington, DC, Sandhya Lakshmi Subramanian, U.S. Dept. of Justice, Washington, DC, Rebecca Elizabeth Epstein, Washington, DC, Robert John Moossy, Jr., U.S. Dept. of Justice, Civil Rights Div. Washington, DC, for U.S.

Frederick H. Nelson, Altamonte Springs, FL, Mark Nathan Troobnick, Wright & Sielaty, PC, Lake Ridge, VA, for Alivia A. Alaw, Philip L. Benham, Joshua M. Turk, Sharon R. Rygg, Richard P. Reynolds, Esther C. Tyree.

## MEMORANDUM OPINION

KESSLER, District Judge.

This case comes before the Court on remand from the U.S. Court of Appeals for the D.C. Circuit, following that court's decision in *United States v. Mahoney,* 247 F.3d 279 (2001). In *Mahoney,* the D.C. Circuit upheld this Court's finding of liability and vacated the injunction on the grounds that it was overbroad. Upon consideration of the Government's Motion for Entry of Order on Remand, the Oppositions of Reverend Patrick Mahoney ("Mahoney Opp."), Newman and White ("New-

man and White Opp."), and Gabriel and Heldreth ("Gabriel and Heldreth Opp."), the Government's Reply, the Court of Appeals' Opinion, and the entire record herein, for the reasons set forth below, the Governments' Motion on Remand is **granted.**

### A.  An Injunction Is Appropriate.

An injunction is clearly warranted in this case.  In vacating the injunction, the Court of Appeals left to the district court the decision of whether an injunction is appropriate.  It concluded that: "[w]e do not reject the proposition that an injunction may be appropriate in this case to ensure that women in the Washington, D.C. metropolitan area can continue to exercise their constitutional rights.  But this injunction is considerably overbroad." *Mahoney,* 247 F.3d at 287.

Defendants submit that an injunction is not appropriate and offer several reasons in support thereof, all of which are unpersuasive.  First, they argue that they never violated the Access Act nor blocked or obstructed access to the Capitol Women's Clinic ("CWC"), and that therefore, injunctive relief is not necessary.  *See* Gabriel and Heldreth's Opp. at 2–11.  This argument is without any merit, as there was a long and detailed record developed at trial establishing Defendants' willful violation of the Access Act. The Court of Appeals affirmed these findings of liability.  *Mahoney* 247 F.3d at 283–84.

■  Second, Defendants argue that changed circumstances render an injunction unnecessary.  Specifically, Defendants maintain that the closure of CWC, which was the clinic targeted by Defendants in this proceeding, renders this case moot.  Defendants already raised the mootness argument unsuccessfully before this Court and before the Court of Appeals on prior occasions.  *See* Memorandum Opinion and Order of December 8, 1999; *Mahoney,* 247 F.3d at 282, 287.  Moreover, the fact that Defendants can no longer violate the Access Act at CWC does not in any way diminish the United States' interest in ensuring unimpeded access to reproductive health services at other clinics in the Washington D.C. area and in ensuring that its own laws are followed.

■  Finally, Defendants argue that an injunction is unnecessary because there is no evidence of future harm or of a threat of future harm.  Specifically, Defendants assert that since the commencement of this lawsuit, they have voluntarily refrained from any activities in violation of the Access Act in the Washington metropolitan area or elsewhere.

Once again, Defendants raise an argument that has already been heard and rejected by this Court and by the Court of Appeals.  *See* Memorandum Opinion of January 21, 2000 at 43–46; *see Mahoney,* 247 F.3d at 282.  In raising it now, Defendants essentially want this court to hold a new trial in this case to determine the remedy in light of whether Defendants have ceased their illegal conduct.  However, "the court's power to grant injunctive relief survives discontinuance of the illegal conduct," and therefore, Defendants' voluntary cessation does not affect the propriety of entry of an injunction.  *United States v. W.T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953).

Furthermore, the record firmly establishes the need for an injunction.  The Court may enter an injunction where a "reasonable likelihood of further violation[s] in the future" exists.  *SEC v. Savoy Industries, Inc.* 587 F.2d 1149, 1168 (D.C.Cir.1978) (citations omitted).  That is true in this case, as the blockade of CWC was far from an isolated example of misconduct.  Indeed, Defendants have numer-

ous criminal convictions and have been arrested and civilly sanctioned repeatedly for their unlawful activities. Moreover, the illegal blockade of the CWC was deliberate and planned; Defendants traveled from across the country to blockade the CWC on the anniversary of *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), despite their numerous convictions for similar activities around other clinics throughout the country. In view of these circumstances, there is a "reasonable likelihood of further violations," and an injunction is therefore appropriate.

### B. The Injunction Does Not Violate the First Amendment.

■ The appropriate standard under the First Amendment is whether an injunction "burdens no more speech than necessary to serve a significant government interest." *Madsen v. Women's Health Ctr., Inc.* 512 U.S. 753, 765, 114 S.Ct. 2516, 129 L.Ed.2d 593 (1994).

The Court of Appeals in *Mahoney* recognized that the government had a significant interest in " 'ensuring public safety and order, promoting the free flow of traffic on streets and sidewalks, protecting property rights, and protecting a woman's freedom to seek pregnancy related services.' " *Mahoney,* 247 F.3d at 286 (quoting from *Schenck v. Pro–Choice Network of Western New York,* 519 U.S. 357, 374 n. 6, 117 S.Ct. 855, 137 L.Ed.2d 1 (1997)). It found, however, that the injunction "burdened more speech than necessary," or in other words, was "overbroad" with respect to three identifiable aspects, namely: the language defining a covered facility; the absence of an intent requirement; and the lack of clarity surrounding the buffer zone's application to a covered facility in a multi-story building. *Mahoney,* 247 F.3d at 286–87.

The injunction provided in the accompanying order corrects each of these features. First, the Injunction covers only those facilities where abortions are performed, thereby eliminating potential speech burdens that the Court of Appeals feared may fall on any Defendant who wished to make an office visit to an obstetrician or gynecologist to receive medical care or to visit facilities where pregnant women were counseled against seeking abortions. *Mahoney,* 247 F.3d at 286. Second, by penalizing only intentional violations of the buffer zone, the Injunction avoids imposing "liability without fault" that the Court of Appeals concluded made the injunction overbroad. *Id.* Finally, the Injunction clarifies how the buffer zone applies to multi-facility buildings and in so doing, avoids the risk of chilling legitimate speech. *Id.* at 287.

■ Defendants raise additional objections to the Injunction not identified by the Court of Appeals. Defendants maintain that the injunction fails to identify each particular covered facility by name and location, and therefore violates Fed. R.Civ.P. 65(d), which requires that an injunction be "specific in terms" and "describe in reasonable detail... the act or acts sought to be restrained." Defendants hypothesize that without the specificity they request, they may be held in contempt for unwitting or inadvertent violations of the Injunction. *See* Mahone Opp. at 13.

These fears are unfounded. The Injunction contains an "intentionality" requirement with respect to each proscribed action. Accordingly, Defendants cannot be held in civil or criminal contempt for accidental or unknowing violations thereof.

■ Second, Defendants claim that a buffer zone is not needed and would render the Injunction "overbroad" because Defendants did not engage in the kind of

misconduct committed by the protestors in *Schenck,* which upheld imposition of a buffer zone. *See* Mahoney Opp. at 17–18. Essentially, Defendants argue that because there was no evidence at trial that Defendants physically assaulted anyone or harassed law enforcement officers, a buffer zone is not constitutionally proper under *Schenck. Id.*

However, evidence of physical assault or law enforcement harassment is not required before a court may impose a buffer zone. *Schenck* instructs: "[B]uffer zones are necessary to ensure that people and vehicles trying to enter or exit the clinic..can do so. *The record shows that protestors purposefully or effectively blocked or hindered people from entering and exiting the clinic doorways. Based on this conduct* ... the District Court was entitled to conclude that the only way to ensure access was to move back the demonstrations..." *Schenck,* 519 U.S. at 380, 117 S.Ct. 855 (emphasis added).

Similarly, this record at trial firmly established that Defendant "protestors purposefully or effectively blocked or hindered people from entering and exiting the clinic doorways." *Id.* This determination was upheld on appeal. *Mahoney,* 247 F.3d at 281–284. Therefore, imposition of a buffer zone is constitutionally permissible.

For the foregoing reasons, the Court concludes that an injunction is appropriate and that the Injunction set forth in the accompanying Order does not violate the First Amendment. Accordingly, the Court **grants** Plaintiff's Motion for Entry of Order on Remand. An Order and Injunction will issue with this Opinion.