Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued March 20, 2003          Decided May 6, 2003

No. 02-5103
& No. 02-5104

UNITED STATES OF AMERICA,
APPELLEE

v.

OLIVIA A. ALAW, ET AL.,
APPELLEES

MARK H. GABRIEL, HOWARD S. HELDRETH, AND
PATRICK J. MAHONEY,
APPELLANTS

Appeals from the United States District Court
for the District of Columbia
(No. 98cv01446)

*James Matthew Henderson, Sr.* argued the cause for appellants. With him on the briefs was *Richard P. Caro.*

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

*Kevin Russell*, Attorney, U.S. Department of Justice, argued the cause for appellee. With him on the brief was *Jessica D. Silver*, Attorney.

Before: Sentelle, Henderson and Tatel, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* Sentelle.

Sentelle, *Circuit Judge:* The district court issued the injunction in this case following our order to vacate and remand its initial injunction in *United States v. Mahoney*, 247 F.3d 270, 279 (D.C. Cir. 2001). In that case, we upheld the district court's decision to issue an injunction against the defendants who had violated the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248 (2000), by obstructing entrances to a reproductive health facility in the District of Columbia during an anti-abortion protest on January 24, 1998. However, we found the resulting injunction to be constitutionally overbroad, and remanded it to the district court for correction. The district court entered the injunction at issue in this appeal on January 17, 2002. *See United States v. Alaw*, 180 F. Supp. 2d 197 (D.D.C. 2002). We uphold the injunction with the exception of Part C. Because we find that element does not conform to the requirements set out in our prior decision, we vacate and remand to the district court that portion of the injunction.

*Background*

We reviewed the facts underlying the imposition of the initial injunction in our prior opinion, and because those facts have not changed during the intervening years, we will only summarize them briefly here. On January 24, 1998, the defendants participated in a demonstration marking the twenty-fifth anniversary of *Roe v. Wade*, 410 U.S. 113 (1973), at the Capitol Women's Center, a now defunct reproductive health facility in the District of Columbia. The clinic had three entrances, a north and south walkway; and a back alley. During the course of the demonstration, several defendants knelt on the south walkway in front of the clinic, praying. Shortly thereafter, officers of the Metropolitan Police Department cordoned off the front of the clinic, includ-

ing the walkways, with police tape. Even after repeated warnings by police officers, some demonstrators continued to occupy the cordoned-off areas and the walkways, both kneeling and standing. Finally, police arrested demonstrators who were inside the cordoned-off areas on a charge of "incommoding" in violation of D.C. Code Ann. § 22–1107. Each arrestee was released after pleading guilty and paying a $50.00 fine. The United States later brought an action in federal district court, charging the defendants with violating the Access Act, 18 U.S.C. § 248, and seeking an injunction.

After a two-day trial, the district court ruled in favor of the government and entered a permanent injunction. The injunction precluded the defendants from:

> 1. Standing, sitting, lying or kneeling in front of entrances to reproductive health facilities, or otherwise physically blockading or obstructing access to reproductive health facilities, located within the boundaries of Interstate 495, popularly known as the Capital Beltway;

> 2. Attempting, inducing, directing, aiding, or abetting in any manner, others to take any of the actions described in paragraph 1 above, or any actions that would violate the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248;

> 3. Coming within a twenty-foot-radius of any reproductive health facility located within the boundaries of Interstate 495;

> 4. "Reproductive health facility" means any hospital, clinic, physician's office, or other facility that provides medical, surgical, counseling, or referral services relating to the human reproductive system, including services relating to pregnancy, or the termination of pregnancy. 18 U.S.C. § 248(e)(1 & 5).

The defendants appealed the district court's decision. Although we affirmed the court's finding of the defendants' liability under the Act, we remanded the injunction because we found it unconstitutionally overbroad in several specific

ways. *See Mahoney*, 247 F.3d at 287. The first problem we noted with the injunction was the facial lack of correlation between the provision restricting the defendants from coming within a twenty-foot radius around "reproductive health facilities" and the claimed government interests. *Id*. at 286. We found that the definition of the covered facilities was "extraordinarily broad," and "[o]n its face would have prevented a female defendant from visiting the offices of a gynecologist or obstetrician, even for the purpose of receiving medical care." *Id*. We also expressed concern that the injunction could be violated unknowingly because it contained no intent requirement, and therefore, a defendant might violate the injunction by simply wandering within twenty feet of a covered facility. *Id*. We noted, "we cannot see how this sort of liability without fault is necessary to promote the government interests." Finally, we found that the injunction inadequately addressed the issue of how the injunction applies when the covered facility is in a multi-story building, or a building containing facilities other than those covered by the injunction. *Id*. at 286–87. Although we did not reject the appropriateness of the imposition of an injunction in this case, we vacated the injunction and remanded the case to the district court for correction.

On October 11, 2001, the government filed a Motion For Entry of Order on Remand, asking the district court to enter a new injunction consistent with our opinion in *Mahoney*. The defendants filed oppositions, but submitted no new evidence and no party requested an evidentiary hearing. The defendants again argued that they had not violated the Act and that their conduct fell within the First Amendment's protection. In addition, the defendants argued that no injunction should issue because there was no risk of further violations. On January 17, 2002, the district court found it necessary to issue an injunction, modified in response to our opinion. *See United States v. Alaw*, 180 F. Supp. 2d 197. The new injunction enjoins the defendants from:

> a. Intentionally standing, sitting, lying or kneeling in front of entrances to any facility where abortions

are performed, or otherwise physically blockading or obstructing access to such facilities, located within the boundaries of Interstate 495, popularly known as the Capital Beltway;

b. Intentionally attempting, inducing, directing, aiding, or abetting in any manner, others to take any of the actions described in paragraph (a) above;

c. Intentionally coming within a twenty-foot radius of any facility where abortions are performed that is located within the boundaries of Interstate 495; it is further

ORDERED, that if an office where abortions are performed is located in a building housing one or more offices where abortions are not performed, Defendants' compliance with paragraph (b) above shall be determined with reference to his or her distance from the entrances and exits of the office where abortions are performed . . .

The defendants now appeal this new version of the injunction.

*Analysis*

First, most of the issues presented by the defendants are not properly before this Court, including the necessity of the injunction and its alleged unconstitutional overbreadth and vagueness violations of the First Amendment. In the prior appeal in this case, we affirmed the appropriateness of injunctive relief as to these defendants, as well as the district court's finding that the defendants were liable under the Access Act. *See Mahoney*, 247 F.3d at 282–86. Therefore, those issues are barred by law of the case doctrine, which refers to the concept that, "[w]hen there are multiple appeals taken in the course of a single piece of litigation, law-of-the-case doctrine holds that decisions rendered on the first appeal should not be revisited on later trips to the appellate court." *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995). In addition, the law of the circuit doctrine applicable here prevents a new appellate panel from declining to

follow the legal rulings of the panel in a prior appeal. *See LaShawn v. Barry*, 87 F.3d 1389, 1395 (D.C. Cir. 1996). We stated in *Mahoney* that "[w]e do not reject the proposition that an injunction may be appropriate in this case to ensure that women in the Washington, D.C. metropolitan area can continue to exercise their constitutional rights." *Mahoney*, 247 F.3d at 287. Therefore, we will not revisit the issues raised in regard to the district court's imposition of an injunction in this case, as we have already affirmed the appropriateness of that decision. Furthermore, several additional issues raised by the defendants are deemed waived, either because they could have been brought during the prior appeal and were not, or because they could have been raised before the district court in this case, and were not. The defendants have thus forfeited their right to bring these claims in the instant appeal, most of which lacked merit in any case. *See Palmer v. Kelly*, 17 F.3d 1490, 1495–96 (D.C. Cir. 1994).

We therefore turn our attention to the newly issued injunction. As we noted in the prior appeal, injunctions against speech have long been disfavored. *See Mahoney*, 247 F.3d at 285 (citing *Near v. Minnesota*, 283 U.S. 697 (1931)). The Supreme Court has determined that the validity of "content-neutral" injunctions regulating anti-abortion protests are to be tested under the First Amendment by determining "whether the challenged provisions of the injunction burden no more speech than necessary to serve a significant government interest." *Mahoney*, 247 F.3d at 286 (quoting *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 763 n.2 (1994)). The government interests here continue to be: ensuring public safety, protecting the free flow of traffic, protecting property interests, and ensuring the freedom of access to reproductive health services. *See Mahoney*, 247 F.3d at 286. The question regarding this injunction remains whether it burdens more speech than necessary.

The district court satisfied the requirements of our remand order in several ways. The narrowing of covered facilities from "reproductive health facilities" to those "where abortions are performed" sufficiently cures the overbreadth of the

prior injunction on that point. Additionally, the new injunction properly clarifies the scope of the injunction as it applies to multi-story buildings, or buildings containing facilities other than those covered by the injunction. However, the new injunction fails to cure the intentionality problem we pointed out in our prior decision. Paragraph (c) of the new injunction attempts to address this problem by inserting the word "intentionally" into the wording of the vacated injunction. This addition does not fully correct the flaw.

The example we used in our prior opinion remains relevant. We stated then that one of the principal problems with the lack of an intentionality element in the injunction was that, "[w]henever a defendant wandered within twenty feet of a covered facility he would be in technical violation of the injunction." *Mahoney*, 247 F.3d at 286. We then ordered that, "[s]ome element of intent must be inserted in the injunction in order to avoid curtailing legitimate activities like walking down the street." *Id.* As the injunction could be read, if a defendant was intentionally walking down the street and the sidewalk happened to be within twenty feet of a covered facility, he would violate the injunction, even if he had no knowledge of the covered facility's presence. Thus, the mere insertion of the word "intentionally" does not address the issue we raised previously, and we therefore remand the discrete offending paragraph (c) once again to the district court.

The government relies on two Supreme Court cases, both of which upheld the constitutionality of a fixed buffer zone in injunctions against anti-abortion protestors, *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753 (1994), and *Schenck v. Pro–Choice Network of Western New York*, 519 U.S. 357 (1997). Neither of these cases supports the issuing of an injunction which creates a violation by merely passing through a fixed buffer zone as untailored as the one created here. First, in *Madsen*, the buffer zone was specifically tailored to one particular clinic, and the injunction described very specific activities prohibited within the thirty-six foot buffer zone. *See Madsen*, 512 U.S. at 759–60. In this case, the fixed buffer zone is not tailored to a particular site, and

the injunction describes the prohibited activities in only the most general terms, "coming within a twenty-foot radius of a covered facility." The buffer zone in the instant case is far more analogous to the one approved in *Schenck*, a fifteen-foot zone around the entrances of covered facilities in Western New York. The comparable provision in the *Schenck* injunction states that the enjoined parties were prohibited from:

> (b) demonstrating within fifteen feet from either side or edge of, or in front of, doorways or doorway entrances, parking lot entrances, driveways and driveway entrances of such facilities, or within fifteen feet of any person or vehicle seeking access to or leaving such facilities, except that the form of demonstrating known as sidewalk counseling by no more than two persons as specified in paragraph (c) shall be allowed;

*Schenck*, 519 U.S. at 366 n.3.

The *Schenck* injunction specifies the prohibited activity as "demonstrating," which has an inherent intentionality to it, in contrast to the injunction in the instant case, which prohibits merely "coming" within the buffer zone. Neither case supports a requirement that would prohibit defendants from entering the protected zone either while unaware that it was a protected zone or, knowing that it is, while performing an innocent act such as merely walking down the street. Therefore, because that paragraph of the current injunction remains untailored by an appropriate intent-based limitation, we once again remand it to the district court.

*So ordered.*