Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued  January  22,  2004      Decided  March  26,  2004

No. 03-7026

KATHERINE T. WALLACE,
APPELLANT

v.

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP, *ET AL.*,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 98cv01946)

*Katherine T. Wallace*, pro se, argued the cause.

*Neal D. Mollen* argued the cause for the appellees. *Barbara Berish Brown* and *Richard L. Brusca* were on brief. *Ernest L. Barcella, Jr.* entered an appearance.

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

Before: HENDERSON, RANDOLPH and ROGERS, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* HENDERSON.

KAREN LeCRAFT HENDERSON, *Circuit Judge*: The appellant, Katherine T. Wallace, appeals the lower court's: (1) refusal to recuse itself in her case; (2) decision to award costs and attorneys' fees against her pursuant to 28 U.S.C. § 1927; and (3) adoption of the report by a magistrate judge acting as a special master recommending fees and costs of $25,000. We find no error with regard to the first two rulings but conclude that the district court erred regarding the third when it ignored the procedural requirements of Fed. R. Civ. P. 53. We therefore vacate that decision and remand for further proceedings in accordance with this opinion.

## I. BACKGROUND

In 1995, Wallace was fired from her job as an associate in the Washington, D.C. office of the law firm of Skadden, Arps, Slate, Meagher & Flom, LLP (Skadden). She responded by suing the firm and some of its lawyers in Superior Court for defamation and wrongful discharge. As part of discovery in that suit, Wallace subpoenaed several former Skadden employees as witnesses. Skadden offered to provide legal representation for those former employees, some of whom accepted. The Superior Court ultimately granted summary judgment to Skadden. Skadden's provision of legal representation to its former employees led Wallace to sue Skadden, the witnesses and their lawyers and law firms participating in the Superior Court case (the appellees here) in federal court in August 1998 under the Racketeer Influenced and Corrupt Organizations Act (RICO). 18 U.S.C. § 1964(c). Wallace broadly alleged that the appellees conspired to control and withhold testimony in her Superior Court case – citing bribery, obstruction of justice and witness tampering as the underlying predicate acts – and sought $120 million in damages.

In September 1998, the appellees moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). As part of that motion, they also moved for an award of attorneys' fees

and costs pursuant to 28 U.S.C. § 1927 because Wallace's claims were "baseless" and made in "bad faith." Joint Appendix (JA) 85-88.[1] In response, Wallace countered that her claims were legally and factually supported. Regarding the request for attorneys' fees, however, Wallace merely suggested – in the introduction and the conclusion of her brief – that the appellees' "motion for costs and fees" also be denied "[b]ecause . . . there is a genuine issue of material fact as to whether" the appellees had violated RICO. JA 92-93. Almost one year later, in September 1999, the district court dismissed Wallace's case pursuant to Fed. R. Civ. P. 12(b)(6). It found *inter alia* that Wallace's RICO claims were based solely on "bare and conclusory" allegations. JA 140-43. It further granted the appellees' motion for costs and fees under 28 U.S.C. § 1927, observing that Wallace had offered "no direct opposition" to the motion and thus there was "an uncontroverted record suggesting that Dr. Wallace had engaged in this litigation out of bad faith." JA 143-44.

Following that order, the district court set a schedule to determine the amount of costs and fees but Wallace appealed the district court's order. Wallace subsequently voluntarily dismissed the portion of her appeal related to the district court's decision to sanction her under 28 U.S.C. § 1927 and instead pursued only her appeal of the dismissal of her RICO claims. In support of her appeal, Wallace cited an *ex parte* communication between the district judge's law clerk and counsel for Skadden, claiming that the contact contributed to an "appearance of bias and misconduct" on the part of the district court and required the district judge's recusal. *See* Appellees' Br. at B31-B33. In May 2000, we affirmed the district court without opinion, finding Wallace's RICO allega-

---

[1] 28 U.S.C. § 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

tions factually insufficient and "no impropriety" or "evidence of judicial bias" resulting from Skadden's counsel's *ex parte* contact with the district judge's law clerk. JA 149A.

Again before the district court, the appellees sought a determination of the amount of their fee award. For her part, Wallace disputed the court's original decision to sanction her under 28 U.S.C. § 1927 and in January 2001 again moved to disqualify the district judge based on the prior *ex parte* communication. The district court denied her motion, noted that the issue whether to sanction her had been decided two years earlier and referred the determination of the appropriate amount to a magistrate judge for a report and recommendation. JA 258-59; *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. A few weeks later, the court modified – with the parties' subsequent consent – the original referral, appointing the magistrate judge to act as a special master. *See* 28 U.S.C. § 636(b)(2); Fed. R. Civ. P. 53.

The magistrate judge initially referred the case for mediation but that proved unsuccessful. It then conducted, in July 2001, an evidentiary hearing during which several appellees and their counsel as well as Wallace testified. On January 21, 2003, the magistrate judge, acting as a special master, issued an eighteen-page report which concluded by "suggest[ing] that Dr. Wallace be ordered to pay $25,000." JA 278. The report was filed with the district court the following day. Neither side filed objections to the report or made any motion with regard to it.

On February 11, 2003, the district court *sua sponte* adopted the special master's report. JA 279. The court noted that Wallace had filed no written objection to the report. Invoking Local Civil Rule 72.3(b), the court adopted the magistrate judge's recommendation and ordered Wallace "to pay $25,000 as a deterrent to future filing of frivolous legal actions." JA 279-80.

## II. DISCUSSION

Wallace's first claim – that the district judge should have recused herself – need not occupy us long. To the extent that

Wallace seeks review of the district judge's decision not to recuse on the basis of an "*appearance* of impropriety," Appellant's Br. at 30 (emphasis in original), she asserted as much on her first appeal. *See* Appellees' Br. at B29 (including Wallace's original appellate brief which alleged "actual or apparent impropriety"). We concluded then that there was "no impropriety" or "evidence of judicial bias" on the district judge's part with regard to the *ex parte* communication between her law clerk and Skadden's counsel. JA 149A. We cannot consider this claim anew. *United States v. Alaw*, 327 F.3d 1217, 1220 (D.C. Cir. 2003) (law of case doctrine bars review of claims decided in earlier appeal).

Wallace's second claim is equally unavailing. We review the district court's decision to sanction a party pursuant to 28 U.S.C. § 1927 for abuse of discretion. *LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899, 904 (D.C. Cir. 1998). Wallace argues that we should reverse the district court's sanction because her RICO claims "were colorable and brought in good faith" and because "the district court failed to make findings sufficient [to] meet the requirements of due process." Appellant's Br. at 11. But Wallace failed to oppose the appellees' original sanctions motion in district court. In an earlier case, we declined to consider a claim that a district court abused its discretion, or did not adequately support its decision with findings of fact, in imposing sanctions pursuant to Fed. R. Civ. P. 11 because the appellant failed to oppose the motion in district court. *See Geller v. Randi*, 40 F.3d 1300, 1303-04 (D.C. Cir. 1994). Here Skadden's section 1927 motion – made in conjunction with its motion to dismiss – specifically sought costs and attorneys' fees based not only on the baselessness of Wallace's RICO claims but also on her "bad faith" in pursuing them – including, among other things, the fact that Wallace sent copies of her complaint to local judges, the media, other lawyers and the Independent Counsel investigating President Clinton. *See* JA 85-87. Wallace responded to that motion by focusing exclusively on the sufficiency of her RICO claims pursuant to Rule 12(b)(6); she only cursorily referenced the section 1927 motion in the introduction and the conclusion of her brief and completely

failed to respond to the bad faith allegations. In granting the section 1927 motion, the district court stated that Wallace's RICO claims "utterly lack[ed] merit" and that the "*uncontroverted* record suggest[ed] that Dr. Wallace has engaged in this litigation out of bad faith." JA 144 (emphasis added). We find no reason to allow Wallace to challenge the district court's decision for the first time on appeal.[2]

We do find error, however, in the district court's adoption of the report of the magistrate judge acting as a special master. Although the initial referral to the magistrate judge was pursuant to 28 U.S.C. § 636(b)(1), *Wallace v. Skadden*, No. 98CV-1946 (Feb. 10, 2001); *see* Fed. R. Civ. P. 72; the district court, with the parties' consent, modified that referral and specified the magistrate judge as a special master pursuant to Fed. R. Civ. P. 53. *See Wallace v. Skadden*, No. 98CV-1946 (March 16, 2001) (noting "the Court's intention that the previous referral to [the magistrate judge] be converted into an appointment of [the magistrate judge] as a special master, pursuant to 28 U.S.C. § 636(b)(2), Fed. R. Civ. P. 53, and [Local Civil Rule] 72.1(b)(5)"); *Wallace v. Skadden*, No. 98CV-1946 (Apr. 4, 2001) (noting parties' consent to "having this matter referred to [the magistrate judge] as Special

---

[2] Were we to review the merits of her claims, we would find no abuse of discretion. In Wallace's original appeal we summarily affirmed the district court's dismissal of her RICO claims, *see* JA 149A, and – irrespective of Wallace's alleged good faith in bringing them – the district court found bad faith. *See Lipsig v. Nat'l Student Mktg. Corp.*, 663 F.2d 178, 182 (D.C. Cir. 1980) (per curiam) (affirming imposition of attorneys' fees based on appellant's bad faith in prosecuting suit); *see also Lone Ranger Television, Inc. v. Program Radio Corp.*, 740 F.2d 718, 726-27 (9th Cir. 1984) (relying on *Lipsig* for proposition that "[s]ome merit in counsels' actions, however, does not preclude an award under 28 U.S.C. § 1927"). Furthermore, we have rejected as "empty formalism" any requirement that the district court invoke "magic words" to impose sanctions pursuant to 28 U.S.C. § 1927 and have declined to require findings if the record makes clear that the sanctioned party's actions were both unreasonable and vexatious. *LaPrade*, 146 F.3d at 905-06.

Master pursuant to Fed. R. Civ. P. 53").[3]

Rule 53 includes specific procedural requirements that the district court ignored here.[4]  The version of Rule 53 in effect at the time of the district court's order provided that:

> Application to the court for action upon the report [of a special master] and upon objections thereto shall be by motion and upon notice as prescribed in [Federal] Rule [of Civil Procedure] 6(d).  The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.

Former Fed. R. Civ. P. 53(e)(2) (amended 2003).  Thus while the rule appeared to require the filing of a motion, the parties were at least entitled to notice before the district court could adopt a special master's report.  *Id.*; *see* 9A Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 2612, at 692 (1995) ("Application to the district court for action upon the [special master's] report . . . is by motion and upon notice as prescribed in Rule 6(d).").  *But cf.* Fed. R. Civ. P. 53(g) advisory committee's note to 2003 amendments ("If no party asks the court to act on a master's report, the court is free to adopt the master's action or to disregard it at any relevant point in the proceedings.").  The district court was also required to hold a hearing on the report.  Former Fed. R. Civ. P. 53(e)(2) (amended 2003); *see* 9A Wright & Miller, Federal Practice & Procedure § 2612, at 692 ("The court

---

[3] A district court may, with the parties' consent, "designate a magistrate judge to serve as a special master" pursuant to 28 U.S.C. § 636(b)(2).  Fed. R. Civ. P. 53 makes clear that a magistrate judge acting as a special master is "subject to this rule . . . when," as here, *see supra*, "the order referring a matter to the magistrate judge expressly provides that the reference is made under this rule."  Former Fed. R. Civ. P. 53(f) (amended 2003); Fed. R. Civ. P. 53(i).

[4] Fed. R. Civ. P. 53 was substantially rewritten in 2003 but the revised version did not become effective until December 1, 2003, long after the district court's February 2003 decision.  *See* Fed. R. Civ. P. 53 & advisory committee's note to 2003 amendments.

must hold a hearing on the motion[.]"); *see also Kieffer v. Sears, Roebuck & Co.*, 873 F.2d 954, 956 & n.3 (6th Cir. 1989) ("plain language of rule ... clearly states the court may adopt the report after hearing"); *cf.* Fed. R. Civ. P. 53 advisory committee's notes to 2003 amendments ("The requirement that the court must afford an opportunity to be heard can be satisfied by taking written submissions when the court acts on the report without taking live testimony.").

Instead, the district court here invoked *sua sponte* Local Civil Rule 72.3(b) and the parties' failure to file any written objections to the special master's report in adopting the recommended $25,000 sanction. JA 279.[5] This was yet another mistake. Local Civil Rule 72.3(b) applies only to matters a district court refers to a magistrate judge for hearing and recommendation under Local Civil Rule 72.3(a). D.D.C. Loc. Civ. Rule 72.3(b) ("Any party may file written objections to the magistrate judge's proposed findings and recommendations *issued under paragraph (a)*" (emphasis added)).[6] It

---

[5] Local Rule 72.3(b) provides:

> Any party may file written objections to the magistrate judge's proposed findings and recommendations issued under [Local Rule 72.3](a) within ten days after being served with a copy thereof. The objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection.

> Failure to file timely objections may waive appellate review of a District Court order adopting the magistrate judge's report. All magistrate judge's reports shall contain a notice substantially as follows:

>> Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations. See *Thomas v. Arn*, 474 U.S. 140 (1985).

D.D.C. Loc. Civ. R. 72.3(b); *see also* 28 U.S.C. § 636(b)(1) (10 day filing deadline and *de novo* review by district court based only on objections); Fed. R. Civ. P. 72 (same).

[6] Local Civil Rule 72.3(a) sets out *inter alia* those matters a district court may refer to a magistrate judge for report and

does not, by its own terms, apply to the report of a special master (or that of a magistrate judge acting as a special master). The district court appears to have recognized the distinction when it sought the parties' consent to modify its referral in that it noted that it was authorized to appoint the magistrate judge as a special master pursuant to Local Civil Rule 72.1(b)(5) and that a magistrate judge acting as a special master is governed by 28 U.S.C. § 636(b)(2) and Fed. R. Civ. P. 53. *Wallace v. Skadden*, No. 98CV-1946 (March 16, 2001) (requesting parties' consent to "appointment of [the magistrate judge] as a special master, pursuant to 28 U.S.C. § 636(b)(2); Fed. R. Civ. P. 53, and [Local Civil Rule] 72.1(b)(5)"); *see* D.D.C. Loc. Civ. Rule 72.1(b)(5) (district court can appoint magistrate judge to "[s]erve as a special master in civil actions *pursuant to Rule 53, Federal Rules of Civil Procedure*" (emphasis added)). The parties' consent likewise declared: "the parties . . . hereby jointly consent to having this matter referred to [the magistrate judge] as Special Master *pursuant to Fed. R. Civ. P. 53*." *Wallace v. Skadden*, No. 98CV-1946 (Apr. 4, 2001) (emphasis added).

Unlike the procedure governing referral to a magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72 and Local Civil Rule 72.3(a) – that is, *not* as a special master – there was – and still is – no explicit waiver language regarding a party's failure to timely object to the report of a magistrate judge acting as a special master pursuant to 28 U.S.C. § 636(b)(2), Fed. R. Civ. P. 53, and Local Civil Rule 72.1(b)(5). *See also* 9A Wright & Miller, Federal Practice & Procedure § 2612, at 692 (noting under "present practice" "the report of a master" is not "regarded as confirmed if the parties fail[ ] to file [objections] within the time allowed by the rule"). Instead, Fed. R. Civ. P. 53 provided simply that "[w]ithin 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties." Former Fed. R. Civ. P. 53(e)(2) (amended 2003).[7] Nor was Wallace put on

recommendation under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72. *See* D.D.C. Loc. Civ. Rule 72.3(a).

[7] Indeed, the recent revisions to Rule 53 increased the time to respond to 20 days and the advisory committee's notes explain that

notice, as is the practice under Local Civil Rule 72.3(b), that her failure to object to the report of the magistrate judge *qua* special master could "waive appellate review of a District Court order adopting the magistrate judge's report." D.D.C. Loc. Civ. Rule 72.3(b) ("All magistrate judge's reports shall contain a notice substantially as follows: Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations.") By treating the magistrate judge *qua* special master's report as a run-of-the-mill referral for a report and recommendation under 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and Local Rule 72.3(b), the district court erred as a matter of law. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) (reviewing *de novo* district court's adoption of special master's report).

The parties pass over these mistakes and instead argue the merits of the $25,000 sanction.[8] Under Fed. R. Civ. P. 53,

_____

the "time limits for objecting . . . are not jurisdictional" and that "the court may excuse the failure to seek timely review" and "[e]ven if no objection is made . . . review [the master's report] for clear error . . . [or] de novo." Fed. R. Civ. P. 53(g)(2) & advisory committee's notes to 2003 Amendments.

[8] To the extent the appellees rely on Fed. R. Civ. P. 72, and our case law interpreting it, to argue that we lack jurisdiction to consider Wallace's claims regarding the amount of the sanction, *see* Appellees' Br. at 17-18, *Charter Oil Co. v. Am. Employers' Ins. Co.*, 69 F.3d 1160, 1172 & n. 4 (D.C. Cir. 1995), they repeat the district court's error. We need not decide whether a party's failure to object to the report of a magistrate judge *qua* special master under former Fed. R. Civ. P. 53 constitutes a waiver of its right to pursue those claims on appeal because the appellees failed to raise the claim. *See Pendleton v. Rumsfeld*, 628 F.2d 102, 105-09 (D.C. Cir. 1980) (questioning impact of parties' failure to object to special master's findings below but reviewing claims on appeal); *id.* at 109 n.2 (Wald, J., dissenting) (district court can correct errors regardless of objections to master's findings); *compare Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 261 (7th Cir. 1989) ("[W]hen a matter has been referred to a magistrate, acting as a special master

however, it was the district court's duty – after motion, notice and hearing – to review the special master's legal conclusions *de novo*, *United States v. Lothridge*, 324 F.3d 599, 601 (8th Cir. 2003); *Cook v. Niedert*, 142 F.3d 1004, 1010 (7th Cir. 1998); *Gottlieb v. Barry*, 43 F.3d 474, 486 (10th Cir. 1994); and to review the special master's findings of fact for clear error. Former Fed. R. Civ. P. 53(e)(2) (amended 2003) ("the court shall accept the master's findings of fact unless clearly erroneous"); *Lothridge*, 324 F.3d at 601; *Cook*, 142 F.3d at 1010; *Gottlieb*, 43 F.3d at 486; *see also Livas*, 607 F.2d at 119 ("The district court has the obligation to determine that the findings of the master are not clearly erroneous.").

For the foregoing reasons, we remand the case to the district court for proceedings consistent with this opinion.

*So ordered.*

---

pursuant to 28 U.S.C. § 636(b)(2) and Fed. R. Civ. P. 53, a party waives his right to appeal if he has not preserved the issues for appeal by first presenting them to the district court as objections to the magistrate's report.") *and Smith v. Frank*, 923 F.2d 139, 141 n.1 (9th Cir. 1991) ("Failure to object to special master's findings and conclusions is treated identically to failure to object to magistrate's findings and conclusions."), *with Livas v. Teledyne Movible Offshore, Inc.*, 607 F.2d 118, 119 (5th Cir. 1979) (per curiam) (appellant's failure to object to findings of magistrate judge acting as special master "does not . . . bar him from raising the independent obligation of the court to determine that the master's findings are not clearly erroneous").